### 68201. MILLS v. ROBERTS.
(322 SE2d 93)

POPE, Judge.

This is the fourth in a series of lawsuits filed as the result of a collision which occurred on November 4, 1981 between a vehicle owned by Dixie Concrete Service, Inc. and a vehicle owned by Pierce Timber Company, Inc. In the first case, filed in Pierce County Superior Court, Willie James Baker (a passenger in the Dixie Concrete vehicle) sued Pierce Timber under the doctrine of respondeat superior, alleging negligence on the part of the driver of the Pierce Timber vehicle, William Adrian Roberts (appellee herein). A jury returned a verdict in favor of Pierce Timber and judgment was entered thereon. In the second case, also filed in Pierce County Superior Court, Dixie Concrete sued Pierce Timber, that action also under the doctrine of respondeat superior and alleging negligence on the part of Roberts. Summary judgment in that case was entered in favor of Pierce Timber. In the third case, Jackie Williams (another passenger in the Dixie Concrete vehicle) sued both Pierce Timber and Roberts in the United States District Court for the Southern District of Georgia, alleging essentially the same grounds for recovery as had been raised in the state court actions. In that case summary judgment was entered in favor of both Pierce Timber and Roberts. In the case at bar, Joe

Lewis Mills (appellant herein), the driver of the Dixie Concrete vehicle, brought this negligence action against Roberts, the driver of the Pierce Timber vehicle; Pierce Timber is not a party to this action. This appeal arises from the trial court's grant of summary judgment in favor of Roberts.

The apparent basis for the grant of summary judgment in the case at bar is that Mills' action against Roberts is barred by the doctrine of res judicata as a result of the judgments rendered in the three previous cases. We are called upon to decide whether the judgments in the three previous cases (or any one of them) act as a bar to the instant action. The broad term "res judicata" is inclusive of both estoppel by judgment and also collateral estoppel. See 50 CJS 143, Judgments, § 687. While there are differences in the applicability of these two estoppels, both require an identity of parties or their privies in order to act as a bar to a second lawsuit. Id.; Kelliher v. Stone & Webster, Inc., 75 F2d 331, 332-3 (5th Cir. 1935). Although Mills bases his recovery in this case upon essentially the same facts as were litigated in the three previous actions, it is clear from the face of the three judgments rendered in those cases that neither Mills nor anyone in privity with him was a party thereto. Roberts was a party defendant in only the federal lawsuit. "Persons having . . . rights of action against one or more of the parties [to a former action] are not bound by the judgment if they were not made parties to the suit, and had no right to be heard or to appeal from the judgment, although their claims were brought into issue in such action, or although their rights depend on the same transaction or facts which were litigated and decided in that action." 50 CJS 292, Judgments, § 764; 46 AmJur2d 680, Judgments, § 530. See Ga. Practice & Procedure, § 27-10 (4th ed. 1975); see also *Williamson v. White*, 101 Ga. 276 (2, 3) (28 SE 846) (1897); *Childs v. Hayman*, 72 Ga. 791 (2a) (1884). It follows that the trial court erred in granting Roberts' motion for summary judgment.

The case of *McNeal v. Paine, Webber &c.*, 249 Ga. 662 (2) (293 SE2d 331) (1982), relied upon by Roberts, is factually distinguishable from the instant case. In *McNeal*, the plaintiff brought two actions, one in federal court (against Paine, Webber alone) and one in state court (against Paine, Webber and its employee), both stemming from the same set of facts. The case in federal court resulted in a judgment in favor of Paine, Webber. The Supreme Court held that since all the issues which could have imposed liability upon the employee were litigated in the federal case and resolved against the plaintiff, the plaintiff was barred from relitigating those same issues against the employee himself in the state court. The case at bar is Mills' first and only attempt to litigate the issues stemming from the November 4, 1981 collision; he is entitled to his day in court.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1984.

*Berrien L. Sutton, John B. Thigpen, Sr.,* for appellant.
*James E. Singer, Bobby T. Jones, Carroll V. Reynolds,* for appellee.