71139. McFADDEN BUSINESS PUBLICATIONS, INC. et al. v. GUIDRY.
(341 SE2d 294)

POPE, Judge.

On Saturday, June 5, 1982 appellee Guidry sustained head injuries when he fell while cutting down a tree on the premises of appellant McFadden Business Publications, Inc. (MBP). Appellee had a contract with MBP to cut down four dead trees at the company's place of business. After appellee sustained his injuries, he filed a claim with the State Board of Workers' Compensation seeking benefits from MBP and its insurer for his injuries. However, the Board held that appellee was acting as an independent contractor at the time of his accident and denied his claim. The Board's decision was affirmed on appeal to the superior court, and an application for discretionary appeal was subsequently denied by this court. Appellee then filed this lawsuit against MBP and its president, appellant Bradford McFadden, Jr., individually, seeking recovery in tort and also breach of contract. In response to appellee's lawsuit, appellants moved for a motion for partial summary judgment as to the tort claim on the principle of res judicata on the ground that there had been a prior adjudication of the same facts involving the same parties by the State Board of Workers' Compensation. This motion was denied by the trial court on the ground that the Board's decision could not affect a subsequent civil action filed in superior court. Appellants then filed an application for interlocutory appeal which was granted. This appeal followed.

The facts of record show that appellee was employed as a bind-

ery-man at MBP and had occupied that position for approximately three years prior to the accident on June 5, 1982. His normal working hours were Monday through Friday, 8:15 a.m. to 4:45 p.m. Appellee had a reputation at the company for having experience in tree cutting and in the past had sold fire wood to fellow workers at MBP. He had also done some previous tree-cutting work for the company. MBP's executive vice-president Whatley noticed in June of 1982 that there were some trees on the company's premises that were dead and/or dying and needed to be cut down. Since appellee had done work for the company in the past, he was asked if he would be interested in taking the dead trees down. Appellee said he was interested in doing the work and elected to do it on his own time for a flat fee, as opposed to performing it as overtime. Whatley then showed appellee the four trees he felt needed to be cut down. Appellee concurred with Whatley that the trees needed to be removed. Appellee was to stack the wood from the cut trees, which would be picked up later by appellant McFadden for his own use.

On the morning of the accident, appellee and a friend who was helping him arrived at the company premises at approximately 10:00 a.m. Appellee brought all his own equipment to perform his work. Neither MBP nor McFadden supplied any equipment or personnel to appellee, nor did they supervise his work in any way other than Whatley's admonishment to him to be careful and not to "tear anything up." The accident occurred when appellee climbed up the first tree to be cut. Appellee was using spike attachments to his boots to help him climb up the tree. While in the tree, he tied a rope around the tree in order to prevent the tree from falling on the company's building after it was cut. After the rope was secured to the tree, appellee began backing down the tree when he fell either because the rope broke or he lost his footing. The rope that broke when appellee fell from the tree had been borrowed from his uncle the night before. He fell approximately 30 feet out of the tree.

1. In denying appellee's claim for benefits, the State Board of Workers' Compensation made the following findings of fact: "b. Employer, by separate contract, negotiated an agreement with claimant for the removal of four trees located on employer's premises. c. This agreement existed separate and apart from the normal work relationship between employer and claimant. d. By agreement, claimant was to remove certain trees in exchange for a lump sum payment of $400.00. e. Payment was agreed to be made by company expense check. No social security or other taxes were to be deducted. f. Claimant provided all necessary equipment and engaged whatever other help he felt [he] needed to perform the job. g. The job was to be done on a weekend of claimant's choosing. The job was not to be performed during claimant's normal work schedule with employer. h. Employer

gave no instructions as to the manner or means of completing this task. All details surrounding performance of the job were the responsibility of the claimant. i. Employer did not have the right to control the time, manner, means, or methods of carrying out the job . . . k. His work status on the date of the injury was that of an independent contractor." This award became final after the denial of all appeals. In the case at bar appellee alleges that at the time of the accident he was an employee of both appellants MBP and McFadden and that they owed him certain duties which were breached, rendering them liable. In their motion for summary judgment appellants argue that the Board's award is res judicata on the issue of whether appellee at the time of his accident was an employee or an independent contractor.

(a) Appellee questions whether appellants properly raised their res judicata defense on motion for summary judgment where the defense had not been affirmatively pled in the answer. See OCGA § 9-11-8 (c). " 'The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver.' *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 346 [(173 SE2d 723) (1970).]" *Brown v. Moseley*, 175 Ga. App. 282, 283 (333 SE2d 162) (1985). See *Beazley v. Williams*, 231 Ga. 137 (1) (200 SE2d 751) (1973). The issue of res judicata was properly before the trial court for resolution.

(b) "Res judicata" is a broad term which includes the doctrine of estoppel by judgment. *Mills v. Roberts*, 172 Ga. App. 77, 78 (322 SE2d 93) (1984). Both doctrines are applicable to awards of the State Board of Workers' Compensation on all questions of fact in matters in which it has jurisdiction. *Greene v. Transport Ins. Co.*, 169 Ga. App. 504 (1) (313 SE2d 761) (1984). In order to apply in a subsequent suit after the termination of a previous action, both doctrines require an identity of parties and an adjudication on the merits by a court of competent jurisdiction. See *Usher v. Johnson*, 157 Ga. App. 420 (278 SE2d 70) (1981). The distinction between the two is that res judicata also requires an identity of the cause of action, whereas estoppel by judgment applies to a different cause of action. Id. However, there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered or as to such matters which are shown to have been actually litigated and determined. Id. See also *Boozer v. Higdon*, 252 Ga. 276 (1) (313 SE2d 100) (1984). As between appellee and appellant MBP, they are clearly the same parties as those in the workers' compensation proceeding. Assuming arguendo

that the instant tort suit is a different cause of action than the previous workers' compensation proceeding, the issue of appellee's status at the time of his injury — that of employee or independent contractor — was necessarily adjudicated in order for the previous judgment to be rendered. Finally, it is beyond dispute that the Board had jurisdiction to determine this issue. See OCGA § 34-9-100 (a); *Employers Ins. Co. v. Bass*, 81 Ga. App. 306 (1) (58 SE2d 516) (1950). It follows, therefore, that the trial court erred in ruling that the doctrine of res judicata, or more accurately in this case estoppel by judgment, did not apply in the case at bar, at least as to appellant MBP.

(c) As to appellant McFadden, who was not a party to the workers' compensation proceeding, the doctrine of res judicata does not apply. See *Mills v. Roberts*, supra. Nor is McFadden aided by the doctrine of binding precedent, a legal theory espoused by this court in *Lowe Engineers v. Royal Indem. Co.*, 164 Ga. App. 255 (297 SE2d 41) (1982), but rejected by our Supreme Court in *Norris v. Atlanta & W. P. R. Co.*, 254 Ga. 684 (333 SE2d 835) (1985). Nevertheless, on the basis of the record before us, the evidence demands a finding as a matter of law that any relationship between appellee and McFadden individually was that of independent contractor and contractee. See *Amear v. Hall*, 164 Ga. App. 163 (1) (296 SE2d 611) (1982). See also *Banks v. Ellijay Lumber Co.*, 59 Ga. App. 270 (200 SE 480) (1938).

2. Having concluded that appellee was at most an independent contractor for appellants, we must now decide whether the evidence of record sets forth a genuine issue as to any material fact tending to establish appellants' tort liability to appellee.[1] For our purposes here we will assume that appellants were the owners of the premises where appellee was injured. "[A]n owner having work done on his premises by an independent contractor, who has actual or constructive knowledge of potential dangers on the premises, owes a duty to the contractor [as a business invitee] to give warning of, or use ordinary care to furnish protection against, such dangers to the contractor and his employees who are without actual or constructive notice of the dangers, and which could not be discovered by them in the exercise of ordinary care. . . . The rules governing the land proprietor's duty to his invitee presuppose that the possessor of the land knows of the condition and has no reason to believe that . . . his invitees will discover the condition or realize the risk involved therein. Because the basis of the proprietor's liability is his superior knowledge, and if his invitee

---

[1] We reach this issue by liberally construing appellee's pleadings which misguidedly attempt to set forth a cause of action in tort founded upon a purported common law employer/employee relationship between appellants and himself. A workers' compensation claim would be the *exclusive* remedy under the circumstances alleged therein, at least as to appellant MBP. See OCGA § 34-9-11.

knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. . . . The business invitee on private premises assumes the risk of danger of which he knows about and fully comprehends, or which is sufficiently obvious. . . . [T]here is no obligation to protect the invitee against dangers or hazards which are known to him or which are so obvious and apparent he may reasonably be expected to discover them." (Citations and punctuation omitted.) *Amear v. Hall*, supra at 166, 167-68, 169.

In the case at bar appellee was hired for his experience in felling trees, and his acceptance of this job implied that he possessed the expertise to accomplish the job. The condition of the trees here was known to appellee before he began his fateful climb. The evidence thus demands a finding as a matter of law that appellee assumed the risk of falling out of a tree he was hired to cut down. Under these circumstances appellants were entitled to summary judgment in their favor. Accord *Whirlpool Corp. v. Hurlbut*, 166 Ga. App. 95 (3, 4) (303 SE2d 284) (1983); see *Amear v. Hall*, supra at (2).

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 10, 1986 —
REHEARING DENIED FEBRUARY 21, 1986.

*John V. Burch*, for appellants.
*John E. Talmadge, David S. Bohannon*, for appellee.