A92A2390. NORTHGATE VILLAGE APARTMENTS v. SMITH.
(428 SE2d 381)

BLACKBURN, Judge.

The appellant, Northgate Village Apartments, appeals from the order of the trial court denying its motion to set aside a default judgment entered against it in a slip and fall action brought by the appellee, Franklin Smith.

In June of 1990, the appellee entered into an agreement with Northgate Village Apartments, Ltd. to rent an apartment unit in Columbus. As a result of the appellee's failure to pay rent pursuant to this agreement, the appellant instituted a dispossessory proceeding in the Municipal Court of Columbus. The appellee answered untimely, asserting several defenses in addition to a counterclaim that the appellant's alleged failure to maintain the premises resulted in his slip and fall on the appellant's premises. The appellee's untimely answer and counterclaim were stricken by the court on February 19, 1991. The court further denied the appellee's motion to set aside the subsequent judgment that was entered against him and also denied his motion for reconsideration.

On January 30, 1992, the appellee filed a separate action in the State Court of Muscogee County, seeking damages for the alleged slip and fall that he attempted to assert as a permissive counterclaim in the municipal court proceeding. On January 31, 1992, the complaint was served on Linda Massey, as the manager of Northgate Village Apartments, and she apparently forwarded it to the appellant's insurer. The insurer received the complaint on or about February 1, 1992; however, the adjuster handling the matter failed to recognize that the complaint was a separate and new action, and mistakenly

thought that counsel in the other action had received a copy of the complaint. As a result, an answer was not filed on behalf of the appellant until after a newspaper article was seen concerning the $100,000 default judgment against the appellant. The appellant subsequently moved to set aside the default judgment pursuant to OCGA § 9-11-60 (d), and the trial court denied the motion. The trial court also denied the appellant's motion for reconsideration, and this discretionary appeal followed.

1. The appellant contends that the trial court erred in not setting aside the default judgment on the grounds that the service of process was insufficient, inasmuch as the apartment manager who was served was not the registered agent for the partnership.

OCGA § 14-9-104 provides for service of process on limited partnerships through a registered agent, or, if the partnership fails to appoint or maintain a registered agent in this state, through the Secretary of State. Contrary to the appellant's contention, however, that statute does not purport to provide or identify the exclusive means of perfecting service of process on limited partnerships. Cf. *O'Neal Constr. Co. v. Lexington Developers*, 240 Ga. 376 (240 SE2d 856) (1977), wherein the Supreme Court found that similar provisions contained in former Code Ann. § 22-403, regarding service on domestic corporations, were designed to supplement the means of service allowed in the Civil Practice Act.

In *Reading Assoc., Ltd. v. Reading Assoc. of Ga.*, 236 Ga. 906, 907 (1) (225 SE2d 899) (1976), the Supreme Court held that service of process may be perfected upon an agent of a partnership, under former Code Ann. § 81A-104 (d) (2) (now OCGA § 9-11-4 (d) (2)). In the context of perfecting service upon a corporation, "[a]n agent authorized to receive service has been defined as one whose position is 'such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him.' [Cit.]" *Ogles v. Globe Oil Co., U. S. A.*, 171 Ga. App. 785, 786 (320 SE2d 848) (1984). The same principle should apply in determining whether an agent of a limited partnership is authorized to receive service on behalf of the partnership. The record in the instant case, however, is completely silent as to the duties and authority of the apartment manager.

The appellant initially did not even assert insufficiency of service of process based upon the apartment manager lacking authority to receive service. The issue was first raised when the appellant moved for reconsideration of the trial court's denial of its motion to set aside the default judgment. At no instance did the appellant present any evidence regarding the authority of the apartment manager to receive service on behalf of the partnership. Inasmuch as the burden is on the party asserting insufficiency of service of process to show that the per-

son served was not his agent, see *Rawlins v. Busbee*, 169 Ga. App. 658 (315 SE2d 1) (1984), and the appellant made no attempt to satisfy that burden, the trial court did not err in denying the motion to set aside the default judgment on that basis.

2. The appellant also contends that the trial court erred in not setting aside the default judgment on the grounds that it was obtained against a non-entity, i.e., Northgate Village Apartments. The appellant's correct name is Northgate Village Limited Partnership, but it is uncontroverted that Northgate Village Apartments constitutes the appellant's trade name. In fact, the record shows that the appellant's dispossessory action filed against the appellee was brought in that trade name, and not the actual partnership name.

" 'Where the real defendant has been properly served, a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint. (Cits.) Correction of a misnomer involves no substitution of parties and does not add a new and distinct party. (Cit.)' [Cits.]" *Cunningham, Tallman, Pennington, Inc. v. Case-Hoyte Color Printers*, 174 Ga. App. 488 (330 SE2d 598) (1985). "[If a] suit is not prosecuted in the name of or against a natural person but in the name of or against a legal entity which either imports a corporation or a partnership, the failure to allege that the party in question is either a corporation or a partnership is an amendable defect. [Cit.]" *Underwriters at Lloyd's, London v. Strickland*, 99 Ga. App. 89, 90 (107 SE2d 860) (1959). A motion to set aside a default judgment based upon such a misnomer is not within the purview of OCGA § 9-11-60 (d). *Carroll v. Equico Lessors*, 141 Ga. App. 279 (233 SE2d 255) (1977); see also *Miller v. U. S. Shelter Corp. of Delaware*, 179 Ga. App. 469 (347 SE2d 251) (1986).

Moreover, we note that, even if a motion to set aside based upon a misnomer did fall within the ambit of OCGA § 9-11-60 (d), such relief would not be available to the appellant in this case. The above rule regarding misnomers constituting amendable defects usually pertains to situations where the issue is raised prior to the final judgment. However, where a misnomer is involved, "[i]f no objection is made and no amendment filed, it is too late after final judgment to raise the issue." *Donald v. Luckie Strike Loans*, 148 Ga. App. 318, 320 (251 SE2d 168) (1978).

3. In the remaining enumeration, the appellant contends that the trial court erred in not setting aside the default judgment on the grounds that the appellee's slip and fall claim was previously asserted in the municipal action and therefore barred by the doctrine of res judicata. Even if the doctrine of res judicata is applicable, since res judicata is an affirmative defense, the appellant's failure to assert the defense in a timely filed responsive pleading acts as a waiver of the defense. See *Hubbard v. Stewart*, 651 FSupp. 294 (M.D. Ga. 1987).

Accordingly, the appellant is precluded from asserting the doctrine of res judicata as a defense and this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 9, 1993 —
RECONSIDERATION DENIED FEBRUARY 24, 1993 —

*Pursley, Howell, Lowery & Meeks, John R. Lowery,* for appellant.

*Elkins & Gemmette, James A. Elkins, Jr.,* for appellee.