## S95G0443. WALDROUP v. GREENE COUNTY HOSPITAL AUTHORITY et al.
(463 SE2d 5)

PER CURIAM.

We granted certiorari in this case to consider (1) whether, when a claim for personal injuries arising from alleged medical malpractice is dismissed for failure to comply with the affidavit requirement of OCGA § 9-11-9.1, and the injured party subsequently dies, res judicata bars the refiling of the personal injury claim by the decedent's administrator, and (2) whether, in the same circumstances, collateral estoppel bars the filing of a new claim for wrongful death. The Court

---

of Appeals answered both questions affirmatively.[1] We now hold that while the Court of Appeals correctly resolved the first issue, it incorrectly ruled that collateral estoppel precluded the assertion of a wrongful death claim in the second action. We therefore reverse.

Appellant Kathy Waldroup, individually and as guardian of her disabled husband, brought an action seeking damages for personal injury, medical expenses, and loss of consortium (collectively the "personal injury claim") arising from alleged medical malpractice against the appellees Greene County Hospital Authority and its employee nurse (collectively "the Hospital"), as well as a doctor who is not a party to this appeal. On defendants' motion, the trial court dismissed Waldroup's complaint due to her failure to file satisfactory affidavits attesting to acts of negligence, as required by OCGA § 9-11-9.1.

The Court of Appeals affirmed the dismissal of Waldroup's complaint as to the Hospital, but allowed Waldroup to proceed with her claims against the doctor.[2] While that appeal was pending, Waldroup's husband died as a result of the injuries that gave rise to the personal injury claim. Thereafter, the trial court granted Waldroup permission to amend her complaint to reinstate the Hospital as a defendant. Waldroup filed her amended complaint, both individually and as administratrix of her husband's estate, against the Hospital and the doctor. In her amended complaint, Waldroup reasserted the personal injury claim, and asserted a new claim for wrongful death. The Hospital moved for summary judgment on Waldroup's amended complaint, arguing that the claims brought therein were precluded by collateral estoppel. The trial court denied that motion.

On interlocutory appeal, the Court of Appeals reversed that denial, ruling that (1) Waldroup's reasserted personal injury claim against the Hospital was precluded by res judicata, and (2) Waldroup's wrongful death claim against the Hospital was precluded by collateral estoppel.

1. We first address the Court of Appeals' determination that Waldroup's reasserted personal injury claim against the Hospital was precluded by res judicata. The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action.[3] Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged

---

[1] *Greene County Hosp. Auth. v. Waldroup*, 215 Ga. App. 344 (451 SE2d 62) (1994).

[2] *Waldroup v. Greene County Hosp. Auth.*, 204 Ga. App. 256 (419 SE2d 36) (1992).

[3] OCGA § 9-12-40; *Citizens Exchange Bank of Pearson v. Kirkland*, 256 Ga. 71 (344 SE2d 409) (1986); *Norris v. Atlanta &c. R. Co.*, 254 Ga. 684, 684-685 (333 SE2d 835) (1985).

not to be entitled to the recovery sought on that claim.[4] Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.[5]

We find that these prerequisites were met in this case. First, there was identity of the claims in both actions. By pleading the personal injury claim in the amended complaint, Waldroup sought to reassert the exact same claim that she previously had asserted in her initial complaint, and which had been dismissed for failure to comply with OCGA § 9-11-9.1.

Second, there was identity of the parties or their privies in both actions. Waldroup sued in the first action both individually and as guardian of her disabled husband, and sued in the second action both individually and as administratrix of her deceased husband's estate. Identity of the parties clearly existed between the two actions insofar as Waldroup sued in her individual capacity. Moreover, there also was identity of the parties between the two actions insofar as Waldroup sued in her representative capacity, as she and her husband were privies, and she represented her husband's interests, and asserted the same legal rights relative to those interests, in both actions.[6]

Third, the dismissal of Waldroup's initial personal injury complaint for failure to comply with the affidavit requirement of § 9-11-9.1 was made by a court of competent jurisdiction. Moreover, that dismissal of the complaint asserting personal injury claims was an adjudication on the merits of those claims.[7]

Accordingly, to the extent that Waldroup's amended complaint sought to reassert the claim against the Hospital seeking damages for personal injuries due to alleged malpractice, we affirm the Court of Appeals' ruling that the earlier dismissal of that action was res judicata, and that Waldroup was precluded from reasserting that claim in the amended complaint.

2. We next address the Court of Appeals' ruling that Waldroup's wrongful death claim against the Hospital was precluded by collateral estoppel. Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in

---

[4] See R. Ruskell, Georgia Practice & Procedure, § 27-3 (6th ed. 1991).

[5] See *Lawson v. Watkins*, 261 Ga. 147, 149 (401 SE2d 719) (1991); Ruskell, supra, § 27-4 (and cases cited therein).

[6] See *Anderson v. Clark*, 70 Ga. 362, 367 (1883); *Smith v. Wood*, 115 Ga. App. 265, 269 (154 SE2d 646) (1967). (" '[P]rivies are those legally represented at the trial. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity is found to exist, all are . . . bound by the judgment.' ")

[7] See *Lutz v. Foran*, 262 Ga. 819, 824 (427 SE2d 248) (1993).

another action between the same parties or their privies.[8] Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions.[9] However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.[10] Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered.[11] Therefore, collateral estoppel does not necessarily bar an action merely because the judgment in the prior action was on the merits. Before collateral estoppel will bar consideration of an issue, that issue must actually have been decided.

Our case law establishes that actions seeking damages for personal injury and for wrongful death are separate and distinct, even though they arise out of the same event.[12] There were common issues concerning malpractice underlying both Waldroup's personal injury action and the wrongful death action, and those issues were essential to both actions. The Court of Appeals assumed that it was not necessary that these common issues *actually* be litigated and decided in the first action before collateral estoppel would bar them from being considered in the second action, so long as the first action was adjudicated on the merits.[13] Contrary to this assumption, collateral estoppel attaches only when an issue actually has been litigated and decided, or when an issue necessarily had to be decided in order for the previous judgment to have been rendered.[14]

The issues common to both of Waldroup's actions were not actually litigated and decided when her first action was dismissed, nor were they necessarily decided when that dismissal was rendered.

---

[8] *Dept. of Human Resources v. Fleeman*, 263 Ga. 756, 757 (439 SE2d 474) (1994); *Norris*, 254 Ga. at 685; *Sumner v. Sumner*, 186 Ga. 390 (197 SE 833) (1938).

[9] *Norris*, 254 Ga. at 685.

[10] See id.; *Fleeman*, 263 Ga. at 757.

[11] *Sumner*, 186 Ga. at 390; see *Jim West Housemovers v. Cobb County*, 259 Ga. 314 (380 SE2d 251) (1989); *Jebco Ventures, Inc. v. City of Smyrna*, 259 Ga. 599, 601 (385 SE2d 397) (1989); *Roddenberry v. Roddenberry*, 255 Ga. 715, 717 (342 SE2d 464) (1986); *Boozer v. Higdon*, 252 Ga. 276, 278 (313 SE2d 100) (1984).

[12] See *Stenger v. Grimes*, 260 Ga. 838, 839 (400 SE2d 318) (1991); *Complete Auto Transit v. Floyd*, 214 Ga. 232, 235 (104 SE2d 208) (1958); *Spradlin v. Ga. R. &c. Co.*, 139 Ga. 575, 577-578 (77 SE 799) (1913).

[13] *Waldroup*, 215 Ga. App. at 347.

[14] For example, although the entry of summary judgment due to the expiration of the statute of limitation is certainly an adjudication on the merits, it is not conclusive on the issue of negligence. *Humana, Inc. v. Davis*, 261 Ga. 514, 515 (407 SE2d 725) (1991). Likewise, even though a prior consent judgment between the parties also serves as an adjudication on the merits, it is not an actual determination of the issue of negligence. *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343 (270 SE2d 883) (1980).

Rather, the only issue that was decided when Waldroup's first action was dismissed was that Waldroup had failed to properly state a personal injury cause of action due to her failure to satisfy the affidavit requirement of OCGA § 9-11-9.1. While that ruling was on the merits, it did not decide the issues common to Waldroup's two claims, nor were those issues actually litigated in the first action. Accordingly, the Court of Appeals erred in ruling that Waldroup was collaterally estopped from bringing the wrongful death action against the Hospital.[15]

The Court of Appeals also erred in construing our ruling in *Lutz v. Foran*[16] to require that collateral estoppel bar Waldroup's wrongful death claim, even though the issues involved therein common to Waldroup's earlier action had not actually been litigated and decided.[17] In *Lutz*, this Court simply stated that a complaint may be dismissed for failure to state a claim when OCGA § 9-11-9.1's affidavit requirement is not satisfied, and that such a dismissal is on the merits.[18]

3. For the reasons discussed above, we affirm the Court of Appeals' ruling that Waldroup was barred by res judicata from reasserting her action against the Hospital seeking damages for personal injuries arising from alleged malpractice, after that action previously had been dismissed for failure to comply with OCGA § 9-11-9.1. We reverse the Court of Appeals' ruling that Waldroup was collaterally estopped from bringing a wrongful death action against the Hospital, because the issues underlying that action had not previously been litigated and decided.

*Judgment affirmed in part and reversed in part. All the Justices concur. Sears, J., disqualified.*

DECIDED OCTOBER 24, 1995 —
RECONSIDERATION DENIED NOVEMBER 20, 1995.

*Kilpatrick & Cody, Matthew H. Patton, Alan R. Perry, Jr.,* for appellant.
*Lokey & Bowden, Malcolm Smith, Blasingame, Burch, Garrard & Bryant, Gary B. Blasingame, H. Samuel Atkins, Jr.,* for appellees.
*Alston & Bird, Robert D. McCallum, Jr., Bernard Taylor,* amicus

---

[15] This ruling is consistent with our precedent that personal injury and wrongful death claims are separate and distinct. See n. 12, supra.
[16] See n. 7, supra.
[17] See *Waldroup,* 215 Ga. App. at 346.
[18] *Lutz,* 262 Ga. at 824.