A97A0376. WOELPER et al. v. PIEDMONT COTTON MILLS, INC.
(487 SE2d 5)

JOHNSON, Judge.

George and Barbara Woelper filed a petition pursuant to the Quiet Title Act, OCGA § 23-3-60 et seq., seeking to establish an easement by implication to an underground system of water pipes which runs, in part, under land owned by Piedmont Cotton Mills, Inc. A special master, whose order was adopted in pertinent part by the superior court, concluded that the Woelpers were not entitled to the relief sought because they had not complied with OCGA § 23-3-62; specifically, their petition did not include a required description of the land. The Supreme Court of Georgia affirmed the denial of relief in *Woelper v. Piedmont Cotton Mills*, 266 Ga. 472 (467 SE2d 517) (1996).

The Woelpers filed another action seeking declaratory and injunctive relief, this time including descriptions of the properties at issue. The trial court granted Piedmont Cotton Mills' motion for summary judgment, stating it had previously been determined that the Woelpers were "not entitled to the requested easement," implying that the present case is barred by res judicata. The Woelpers appeal from that ruling.

1. The Woelpers assert the trial court erred in holding that no easement exists, when the special master in the earlier action found that an easement did exist. As presented, this enumeration of error misses the mark. The real issue in this appeal is whether the trial court, or the Supreme Court of Georgia, in the first case actually reached the merits of the petition, that is, made a decision regarding the existence or non-existence of the easement.

The special master's report observed that, were it not necessary to deny relief because the petition was not in proper form, the Woelpers "would be entitled to relief as requested in their Petition, as an easement exists for the underground water pipes." This observation was only dicta, however. We disagree with the position taken by the Woelpers that this comment is conclusive as to the existence of the easement. The Supreme Court's opinion reviewed the trial court's denial of the Woelpers' motion to extend discovery, the trial court's deletion of a portion of the special master's findings, and the denial of a motion for voluntary dismissal. In affirming the trial court's denial of the petition for relief on procedural grounds, the Supreme Court did not reach the ultimate issue in the case. In the present case, the trial court's order appears to take the position that there was previously a finding that no easement exists, a conclusion reached by erroneously equating the language of the Supreme Court, that the Woelpers were "not entitled to the requested easement" in the previ-

ous action, with a finding that there is no easement.[1]

The Woelpers' petition for relief was denied in the earlier action on technical grounds. No court of competent jurisdiction has reached the merits of this case. "Where the merits were not and could not have been in question, a former recovery on purely technical grounds shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For a former judgment to be a bar to subsequent action, the merits of the case must have been adjudicated." OCGA § 9-12-42. See *Tootle v. Player*, 225 Ga. 431, 432 (2) (169 SE2d 340) (1969); *O'Kelley v. Alexander*, 225 Ga. 32 (165 SE2d 648) (1969); cf. *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (1) (463 SE2d 5) (1995) (dismissal of a complaint for failure to comply with the affidavit requirement of OCGA § 9-11-9.1 constitutes an adjudication on the merits). Because the Woelpers have never had a full and fair opportunity to litigate their claim, the doctrine of res judicata does not apply. See *V. I. P. Homes v. Weader*, 216 Ga. App. 412 (1) (454 SE2d 548) (1995). The summary judgment entered in favor of Piedmont Cotton Mills in this case was error and is reversed.

2. In their second enumeration of error, the Woelpers appear to complain that, in its present posture, this litigation has not eliminated the cloud on the title to their property. This assertion may well be true, but it raises nothing for this Court to review. We acknowledge that public policy favors the free alienability of property, but this Court is a forum for review of rulings by the trial court. See generally *Leathers v. McClain*, 255 Ga. 378, 379 (338 SE2d 666) (1986). In light of our holding in Division 1 above, however, the issue of whether an easement does exist may finally be resolved.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED APRIL 17, 1997 —
RECONSIDERATION DENIED MAY 2, 1997 — 
 Before Judge Lane.
*John B. Lyle*, for appellants.
*Barron & Barron, George L. Barron, Jr.*, for appellee.

---

[1] This appeal was originally filed in the Supreme Court. It was transferred here because "questions regarding equity or title to land are ancillary to the main issues on appeal" in the action. This is consistent with our conclusion that the trial court did not adjudicate the issue of the easement, but granted summary judgment on the basis of res judicata, a decision which is reviewable by this Court.