A97A0245. ALLEN et al. v. KING PLOW COMPANY et al.
(490 SE2d 457)

BEASLEY, Judge.

Deborah Carey Allen, as surviving spouse and as administratrix of the estate of her deceased husband, filed this action for damages arising from his death. As amended, the complaint alleges negligence by defendants King Plow Company ("King Plow") and Georgia Power Company.

Johnny Allen was electrocuted when he attempted to use an aluminum ladder to aid in painting a wall sign in close proximity to an electrical power line. Allen was employed by Hartley, an independent contractor hired to remodel the premises of defendant King Plow. Mrs. Allen's claim against Georgia Power Company remains pending in the trial court, and she appeals the grant of summary judgment in favor of King Plow.

1. Mrs. Allen maintains that Hartley is strictly liable for her husband's death under the High-voltage Safety Act, OCGA § 46-3-30 et seq., and that defendant King Plow is liable for Hartley's tort under the provisions of OCGA § 51-2-5 (5).

OCGA § 51-2-5 provides that: "An employer is liable for the negligence of a contractor: . . . (5) [i]f the employer retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create the relation of master and

servant or so that an injury results which is traceable to his interference. . . ."

The issue of whether King Plow, as the employer of the independent contractor who hired decedent Allen, could be liable under OCGA § 51-2-5 (5) is not foreclosed by the decision of the administrative law judge ("ALJ") in the preceding workers' compensation proceeding in which benefits were awarded against Hartley as the employer.

King Plow filed a motion for summary judgment which contended that all the evidence showed as a matter of law that it was not negligent nor did it create a nuisance, and that even if it was negligent, Allen was contributorily negligent and/or assumed the risk of injury. The trial court initially denied the motion, with no explanation other than that there were disputed issues of material fact.

Over a year later, King Plow filed a motion for reconsideration of the denial, which was in effect a renewed motion for summary judgment because it was based at least in part on additional evidence which had been garnered in the interim. In the motion, defendant King Plow reiterated its four grounds in summary fashion and added no new ones. The trial court granted summary judgment "for the reasons set forth in King Plow Company's Motion."

Thus, the question of whether the workers' compensation proceeding conclusively established King Plow's nonliability so as to preclude litigation of the question in this suit was neither raised by the motion nor ruled on by the trial court. While it is true that, in its argument on the four bases it urged as warranting summary judgment, King Plow pointed out that the workers' compensation judge had found Hartley to be an independent contractor, the fact was presented as evidence to persuade the trial court that there was no dispute of material fact on that issue. It was not presented as a *ground* for summary judgment; in other words, the defense of "res judicata, collateral estoppel and estoppel by judgment" set forth in King Plow's answer was not pursued as a ground for summary judgment. Compare *McFadden Business Publications v. Guidry*, 177 Ga. App. 885, 887 (1) (a) (341 SE2d 294) (1986) (res judicata ground not in answer but in motion for summary judgment and ruled on by trial judge).

Nevertheless, "a grant of summary judgment must be affirmed if it is right for any reason." *Controlled Blasting v. Ranger Ins. Co.*, 225 Ga. App. 373, 376 (2) (484 SE2d 47) (1997). If any one of the three preclusive threshold doctrines govern, the judgment should be affirmed and the four grounds urged in favor of summary judgment by King Plow would be superfluous and moot. But none of the three doctrines cited as the thirteenth defense in the answer apply.

Under the doctrine of res judicata, "[a] judgment of a court of

competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40; *Boozer v. Higdon*, 252 Ga. 276, 277-278 (1) (313 SE2d 100) (1984); *Sumner v Sumner*, 186 Ga. 390, hn. 2 (197 SE 833) (1938). The ALJ in the workers' compensation proceeding had no jurisdiction over King Plow, as she correctly ruled after finding that King Plow had fewer than three employees at the time of the accident and thus was not subject to the Workers' Compensation Act. So no issue of its relationship with Allen or liability for his injury was or could have been adjudicated. King Plow was not a proper party in that proceeding. In addition, res judicata does not apply where the causes of action are different, as here. *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (1) (463 SE2d 5) (1995); *Boozer*, supra. See *Bradley v. British Fitting Group, PLC*, 221 Ga. App. 621, 622-623 (2) (472 SE2d 146) (1996).

The doctrine of estoppel by judgment, on the other hand, "has reference to previous litigation between the same parties, based upon a different cause of action. . . . [T]here is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. [Cits.]" *Sumner*, supra at 390-391, hn. 2; *McFadden Business Publications*, supra at 887 (1) (b). Obviously that does not apply, because although the workers' compensation proceeding was "a different cause of action" from this tort suit, King Plow was not a proper party in the previous litigation and the issue of its liability for Allen's injuries was not adjudicated.

Neither was King Plow in privity to Hartley, as it was not "so connected with [the workers' compensation award against Hartley] as to have such an identity of interest that [Hartley] represented the same legal right." (Citations and punctuation omitted.) *Miller v. Steelmaster Material Handling Corp.*, 223 Ga. App. 532, 535 (3) (478 SE2d 601) (1996); *Fleeman v. Dept. of Human Resources*, 208 Ga. App. 97, 98 (430 SE2d 135) (1993). " '(A)n agency or master-servant relationship (does not) ipso facto (constitute) privity for purposes of res judicata or estoppel by judgment.' [Cit.]" *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684, 685 (333 SE2d 835) (1985).

"Under both [res judicata and estoppel by judgment], in order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved."

*Sumner*, supra at 391, hn. 2; OCGA § 9-12-42.

The third doctrine advanced in the answer was collateral estoppel. In our law, that is just another name for estoppel by judgment. *Boozer*, supra at 278 (1); see *Steelmaster Material Handling Corp.*, supra at 535 (3). *Bradley*, supra at 623 (2), points out: "[c]ollateral estoppel, which precludes the re-adjudication of an issue, requires in part that the same issue was actually litigated and decided in the previous action."

2. Moreover, this case involves King Plow's liability under OCGA §§ 46-3-31 to 46-3-33 (1982) and OCGA § 51-2-5 (5), not under the Workers' Compensation Act. The first statute relates to the fulfillment of King Plow's duties, if any, in accordance with the pre-1992 law governing work carried out near high-voltage lines. OCGA §§ 46-3-30 to 46-3-39 (1982) (prior to the effectiveness of Ga. L. 1992, p. 2141 et seq.). Violation would constitute negligence per se. *Savannah Elec. &c. Co. v. Holton*, 127 Ga. App. 447, 450 (193 SE2d 866) (1972). Whether King Plow was a " '[p]erson responsible for the work to be done' " within the meaning of OCGA § 46-3-30 (2) was not adjudicated on the merits by the ALJ. As defined, this included at the time "a person, or his agent, who employs and carries on his payroll any person who physically operates, erects, handles, stores, or transports any tools, machinery, equipment, supplies, materials, or apparatus . . . under, over, by, or near high-voltage lines." Id. Decedent Allen, who was paid by King Plow, was moving an aluminum ladder to continue painting a sign when it contacted an electric wire and he was electrocuted. The ladder had been borrowed from one of King Plow's tenants.

Even though the ALJ, in dicta, stated that King Plow was the statutory employer of Allen by virtue of OCGA § 34-9-8, the ALJ found that King Plow was not an employer subject to the Workers' Compensation Act. The ALJ also found that Hartley was covered by the Act, failed to insure his liability, and was an independent contractor in his relationship with King Plow. Even if the ALJ would have had jurisdiction of King Plow to decide the issues, it is clear that the issues of fact now sought to be litigated have not previously been adjudicated. " '[E]stoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit.' [Cit.]" *Woods v. Delta Air Lines*, 237 Ga. 332, 333 (227 SE2d 376) (1976).

3. Even if the record shows without dispute of material facts that King Plow was not a " '[p]erson responsible for the work to be done' " in this instance, as defined in OCGA § 46-3-30 (2), there is still the issue of whether, as employer of independent contractor Hartley, King Plow "retain[ed] the right to direct or control the time and manner of executing the work *or* interfere[d] and assume[d] control so as

to create the relation of master and servant or so that an injury result[ed] which is traceable to [its] interference." (Emphasis supplied.) OCGA § 51-2-5 (5). This Code section sets forth exceptions to the general rule of nonliability of employers for the torts of independent contractors. See *Finley v. Lehman*, 218 Ga. App. 789, 791 (2) (463 SE2d 709) (1995). There are conflicts in the evidence on these issues.

4. King Plow argues that the undisputed evidence on its affirmative defenses of contributory negligence and assumption of the risk exonerates it from liability from all asserted causes of action. Even under the High-voltage Safety Act, such defenses are available. See *Callaway v. Crown Crafts*, 223 Ga. App. 297, 299 (2) (477 SE2d 435) (1996). But the evidence is in dispute on these issues.

King Plow points to the testimony of Hartley, who deposed that he warned decedent Allen about the risks of the electric wires. Hartley equivocates in his deposition and states he cannot remember exactly what he told decedent Allen or what Allen may have been aware of. In an affidavit, Hartley testified that he did not talk to Allen about the electric wires. He explained in a second affidavit that in his deposition he had responded to this particular question without thinking, that he had emphasized that he could not remember exactly what was said, that he had intended to testify only that (as with all workers) he had simply told Allen to be careful, and that he did not recall mentioning the electric wires.

The rule in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986) — that a party/witness' testimony is to be construed against him when self-contradictory — does not apply to the testimony of a third-party witness. *Stinson v. Lumpkin Lumber Co.*, 217 Ga. App. 880, 883 (1) (460 SE2d 846) (1995) (physical precedent only); *English v. Crenshaw Supply Co.*, 193 Ga. App. 354, 359 (2) (387 SE2d 628) (1989); see also *Miller v. Douglas*, 235 Ga. 222, 223 (219 SE2d 144) (1975). Hartley's testimony raises an issue of fact on the issues of assumption of risk and contributory negligence. Other evidence is also inconclusive on these issues, for decedent Allen had been at that site for only a few hours prior to the accident. He was hired as an unskilled laborer and was illiterate. Questions of contributory negligence and assumption of the risk are ordinarily for the jury to resolve, and summary judgment is appropriate only where the evidence is plain, palpable, and undisputed. *Callaway*, supra at 299; *Stegall v. Central Ga. Elec. Membership Corp.*, 221 Ga. App. 187, 190 (2) (470 SE2d 782) (1996).

Based on the evidence of record, summary judgment was premature. King Plow has not demonstrated "that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to [Allen], warrant judgment as a matter of law."

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Mrs. Allen is entitled to a jury trial.

*Judgment reversed. Birdsong, P. J., Smith, Ruffin and Eldridge, JJ., concur. Andrews, C. J., and McMurray, P. J., dissent.*

MCMURRAY, Presiding Judge, dissenting.

Plaintiff Deborah Carey Allen's brief attacking the grant of summary judgment in favor of defendant King Plow Company states a single two-part theory. Plaintiff maintains that Hartley is strictly liable for her husband's death under the High-voltage Safety Act, OCGA § 46-3-30 et seq., and that defendant King Plow is liable for Hartley's tort under the provisions of OCGA § 51-2-5 (5).

Since there is no support for the second part of this hypothesis that defendant King Plow is liable for any tort of Hartley's, I would affirm. OCGA § 51-2-5 provides that: "An employer is liable for the negligence of a contractor: . . . (5) [i]f the employer retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create the relation of master and servant or so that an injury results which is traceable to his interference. . . ." This statutory language has been construed to identify two alternative sets of circumstances to which it may be applied. *Intl. Agricultural Corp. v. Suber*, 24 Ga. App. 445, 451 (101 SE 300). The first alternative is where the employer's interference and assumption of control create the relation of master and servant. Yet, this first alternative is clearly not applicable in the case sub judice since it was resolved in a workers' compensation proceeding and becomes established as a matter of collateral estoppel that Hartley was an independent contractor and was not a servant of defendant King Plow Company. *McFadden Business Publications v. Guidry*, 177 Ga. App. 885, 887 (1) (341 SE2d 294).

I believe that the majority has erred in holding that King Plow did not assert the affirmative defense of collateral estoppel, also known as estoppel by judgment. The original answer of King Plow states as its thirteenth defense that: "This defendant hereby pleads the doctrine of res judicata, collateral estoppel and estoppel by judgment with respect to all matters which have previously been resolved in the worker's compensation claim which has been filed as a result of the incident forming the subject matter of this litigation. . . ." The judgment in the workers' compensation case is included in the evidence in the case and shows that the determination by the ALJ that Hartley was an independent contractor was necessary to the conclusion that King Plow was not liable for workers' compensation benefits and thus was not dicta as asserted by the majority.

When King Plow moved for summary judgment, one of its four contentions was that it owed no duty to plaintiff's decedent to protect

against the negligence of Hartley. This position was predicated on the supposition that Hartley was an independent contractor, a matter which had been resolved in the workers' compensation claim, and upon the rule that one who contracts with an independent contractor is not responsible for torts committed by the independent contractor. King Plow's position in this regard was reiterated in its motion for reconsideration of the denial of summary judgment. Thus, the majority is mistaken in concluding that the judgment in the workers' compensation proceeding was neither raised nor ruled on by the superior court. There was no waiver of the affirmative defense of collateral estoppel.

The remaining alternative in which an employer is liable for the negligence of a contractor is where an injury results which is traceable to the employer's interference. In the case sub judice there is no such causal connection between any conduct of defendant King Plow and the death of plaintiff's husband. Therefore, this second alternative is inapplicable, and any attempt to hold defendant King Plow liable for a tort of the independent contractor Hartley should be unsuccessful. For the preceding reasons, I respectfully dissent.

DECIDED JULY 16, 1997 —
RECONSIDERATION DENIED JULY 31, 1997 ▉▉▉▉▉▉▉

*James B. Pilcher, Christopher J. McFadden*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Alan L. Newman, Michele L. Davis, Kari A. Mercer, Frederick N. Sager, Jr.*, for appellees.