A97A1651. MAYER v. WYLIE.
(494 SE2d 60)

BEASLEY, Judge.

Thongkham Mayer sued Rebecca Joy Wylie in Douglas County for damages caused by a car Wylie was driving. Wylie was granted summary judgment on the ground that judgment in a previous action between Mayer and the car insurer was res judicata. That doctrine did not apply because neither the subject matter nor the parties in the previous action were identical to those in the present action.

1. Mayer claims Wylie's failure to raise res judicata as a defense in her answer waived the issue. See *Northgate Village Apts. v. Smith*, 207 Ga. App. 479, 481 (3) (428 SE2d 381) (1993) (res judicata, an affirmative defense, waived if not asserted in timely-filed responsive pleading). "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised . . . by motion for summary judgment there is no waiver." (Citations and punctuation omitted.) *McFadden Business Publications v. Guidry*,

177 Ga. App. 885, 887 (1) (a) (341 SE2d 294) (1986).

2. "The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim. Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." (Footnotes omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995). The defendant bears the burden of proving this defense. *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565 (1) (458 SE2d 826) (1995).

Wylie submitted with her motion for summary judgment a statement of material facts (Uniform Superior Court Rule 6.5) setting forth that Georgia Farm Bureau Mutual Insurance Company had previously sued Mayer in DeKalb County to recover payments made to Wylie's husband as owner of the car for damages arising out of the collision with Mayer's car. Wylie did not state whether Georgia Farm alleged Mayer was negligent. Wylie did state Mayer had filed a counterclaim for damages to his car (again, the basis is unclear), which the DeKalb court dismissed on technical grounds. A dismissal on technical grounds cannot be res judicata. OCGA § 9-12-42; *Woelper v. Piedmont Cotton Mills*, 226 Ga. App. 337, 338 (1) (487 SE2d 5) (1997). Wylie also claimed the jury had rendered a verdict in Georgia Farm's favor on the subrogation claim, which Wylie interprets as a conclusive finding she not negligent. As proof, Wylie attached to her statement of material facts an uncertified copy of the single-sentence judgment on the verdict. She did not submit any sworn testimony to substantiate her allegations, nor did she submit any pleadings or transcripts from the DeKalb action.

"The identity between the cause of action or issues raised in the present suit and those adjudicated in the prior action cannot be uncertain, indefinite, or based upon inferences." *Glen Oak, Inc. v. Henderson*, 258 Ga. 455, 458 (2) (a) (369 SE2d 736) (1988). The defense of res judicata "must be sustained by 'clear proof.' [Cit.]" Id. at 458, fn. 4. The defendant must introduce "those parts of the record of the prior proceeding, duly certified, which are necessary to prove the defense." *Boozer v. Higdon*, 252 Ga. 276, 277 (1) (313 SE2d 100) (1984); see *Waggaman*, supra, 265 Ga. at 566 (3). Uncertified copies are insufficient. *Roberts v. Porter, Davis &c.*, 193 Ga. App. 898, 901 (2) (389 SE2d 361) (1989). The record portions submitted must reveal which issues involved in the present suit were put in issue or might

have been put in issue in the previous litigation. OCGA § 9-12-40; see *Roberts*, supra.

Wylie's proof fails on three grounds. First, the allegations in her statement of material facts are unsworn and the copy of the judgment uncertified. Even though Mayer failed to challenge the contentions set forth in her statement, they "are not evidence for purposes of summary judgment, nor does any lack of response to such contentions amount to an admission of fact." *Southern Gen. Ins. Co. v. Davis*, 205 Ga. App. 274, 275 (421 SE2d 780) (1992).

Second, even if the trial court could have accepted Wylie's description of the prior action and its proceedings as proper evidence, the description is lacking in needed detail. Wylie must show the subject matter or cause of action in each suit is identical. *Roberts*, supra, 193 Ga. App. at 900 (1); see *Lawson v. Watkins*, 261 Ga. 147, 148-149 (1) (401 SE2d 719) (1991). Both parties agree that the issue in the DeKalb suit was whether Mayer should compensate Georgia Farm under the subrogation laws for money it paid to its insured arising out of the collision. But the basis for that claim is not specified. One might infer that the issue was whether Mayer was negligent, but this does not address whether Wylie was negligent. The jury verdict does not exclude the possibility that both Wylie and Mayer were negligent, and that Georgia Farm chose to sue only one of the tortfeasors. *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175, 176 (1) (358 SE2d 468) (1987) (plaintiff may choose to sue and recover fully from only one of the tortfeasors). In fact, the other tortfeasor would have been Wylie, the wife of the insured, and interspousal immunity would have prevented Georgia Farm as subrogee from recovering against Wylie. See OCGA § 19-3-8; *New v. Hubbard*, 206 Ga. App. 679 (426 SE2d 379) (1992).

Thus, even if the jury verdict were construed as finding Mayer negligent and were binding on this case, Mayer would be free to sue Wylie under a comparative negligence theory for the damages resulting to his car. *Bridges Farms v. Blue*, 267 Ga. 505 (480 SE2d 598) (1997) (plaintiff whose negligence is less than defendant's may recover diminished damages). Because the causes of action and issues are different, res judicata does not apply. See *Allen v. King Plow Co.*, 227 Ga. App. 795 (490 SE2d 457) (1997).

The third reason Wylie's proof fails is that the parties or their privies are not identical. Georgia Farm as subrogee of Wylie's husband was a party to the DeKalb action, not Wylie. And Rebecca Wylie was not Georgia Farm's privy. Privies are " 'defined as all persons who are represented by parties and claim under them, the term privity denoting a mutual or successive relationship to the same rights of property. . . .' [Cits.]" *Roberts*, supra, 193 Ga. App. at 901. Wylie claims that her husband owned the car she was driving, and that he

as the named insured under the policy with Georgia Farm received monies for damages to his vehicle from Georgia Farm. She does not assert any type of a relationship between herself and Georgia Farm, nor does she assert any right to the money paid to her husband for damages to his property. Georgia Farm as subrogee of Wylie's husband, and therefore his privy, sought to recover for subrogation damages from Mayer. Wylie had no claim or interest in those monies, whether mutual or successive. See *King Plow*, supra at 797 (privy has such identity of interest that privy represented same legal right).

The trial court erred in granting summary judgment.

*Judgment reversed. McMurray, P. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I agree with the majority that the trial court erred in granting summary judgment in favor of Wylie for the first reason stated: that Wylie failed to sustain her defense of res judicata by the "clear proof" required. But the additional grounds for reversal are dicta and unnecessary to the decision as presented. Of particular concern is the statement that there is no identity of party or privity between an insured and the subrogee insurer. Traditionally, a subrogee "stands in the shoes" of the insured and can pursue any cause of action assigned to it. "[S]ubrogation is a remedy recognized both in law and equity as a path of recovery whereby one is placed or substituted in the legal position of another. . . . The clear meaning of the language defining subrogation is that the subrogee is placed in the same position as the subrogor which includes the disabilities as well as the rights." *Travelers Ins. Co. v. Commercial Union Ins. Co.*, 176 Ga. App. 305, 308 (335 SE2d 681) (1985). Compare *Miller v. Charles*, 211 Ga. App. 386, 387 (1) (439 SE2d 88) (1993) (privity in subrogation of right to child support to DHR does not include child).

The majority draws a distinction between Wylie and her husband, another insured who received the earlier payments.[1] But such a ruling still could create confusion in any case in which an incident such as this gives rise to multiple actions. A party to a subsequent suit growing out of the same incident as a subrogation claim already litigated or settled to judgment could attempt to reopen matters decided in that judgment by claiming that a different insured under the policy suffered the actual damage or accepted payment. We should not disturb this well-established area of law or decide an issue

---

[1] I note that the record contains no copy of the insurance policy in question, and we therefore are unable to determine with any certainty the exact status of Wylie or her husband under the policy, whether policyholder, named insured, or additional insured.

with such potential for far-reaching consequences until it is squarely presented.

DECIDED NOVEMBER 10, 1997.

*Herman Pierre, Jr.*, for appellant.
*Cobb & Walton, Bobby L. Cobb*, for appellee.