A90A0869. CARDIN et al. v. TELFAIR ACRES OF LOWNDES COUNTY, INC.
(393 SE2d 731)

BIRDSONG, Judge.

Donald and Sylvia Cardin sued Telfair Acres of Lowndes County, Inc., d/b/a Killeen Construction Company (Killeen) for the wrongful death of their 21-year-old son, Donald Todd Cardin. Mr. Cardin died in the collapse of a sewer trench which was not properly shored and sloped in compliance with OSHA regulations. Plaintiffs brought civil action against Killeen as a third-party independent contractor. Killeen defended by saying it was not an independent contractor but only rented an excavator and supplied a worker to Mr. Cardin's actual employer, Altman Construction Company; and that Altman, by and through Mr. Altman or his brother, supervised and controlled the work done by Killeen's heavy equipment operator.

On appeal, plaintiffs complain that the trial court erroneously excluded evidence of OSHA regulations which would have proved violations amounting to negligence; and that the trial court erred in failing to grant directed verdict against Killeen on the issue whether Killeen was an independent (third-party) contractor who could be liable in tort. *Held*:

1. The trial court made no reversible error, either in refusing to direct a verdict finding Killeen to be a third-party independent contractor who could be liable in negligence to the servant of another, or under the circumstances and outcome of this case, in declining to admit evidence of OSHA regulations regarding the shoring and sloping of trenches and excavations.

The jury heard all of the evidence as to the control and supervision of the respective builders, Altman and Killeen, and determined upon a fair and unchallenged charge that Mr. Cardin's employer, Altman Construction, supervised and controlled the work of Killeen's employer. The evidence amply supports the conclusions that Altman Construction merely hired Killeen's heavy equipment and driver at $75 per hour, and that the driver was supervised by Altman's employees. The driver was told to do whatever Mr. Altman (or Altman's em-

ployee) told him to do; the manner of digging the trench and length of time was in Altman's control; and, only Altman had a set of the plans for digging the sewer trench. Killeen's driver was not experienced in digging a sewer line and only performed at Altman's employees' direction. Mr. Altman himself testified that the decision not to shore the ditch and have higher sides and a top for the trench box "was a decision that we didn't think . . . was necessary. And that would have been my decision."

The jury, having heard all the evidence, returned a verdict that is supported by evidence. We, like the trial judge, are not authorized to reweigh the evidence or to examine the credibility of any of the witnesses, for that would be to usurp the jury's power and duty. Since the actual verdict was supported by evidence, and on appeal we are required to resolve all conflict in favor of the jury's work, we cannot say that the evidence, and all reasonable deductions therefrom, *demanded* a contrary verdict. Therefore, a directed verdict finding Killeen a third-party independent contractor was not authorized. See OCGA § 9-11-50 (a). See also *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154 (256 SE2d 916) requiring evidence to be construed in favor of respondent when a motion for directed verdict is made, which would certainly authorize the trial court's ruling when it was rendered.

2. Since, under the jury's verdict, Killeen Construction could not be liable for the wrongful death of Mr. Cardin, we cannot find reversible error in the trial court's exclusion of OSHA rules from evidence in this case. Generally, there is not much room to doubt that civil cause of action will lie for damages carried by a breach of a legal duty of diligence prescribed by a statute or by incorporated regulations enacted thereunder. *Sims v. Hoff*, 106 Ga. App. 626 (127 SE2d 679). Georgia statutory law gives a cause of action for breach of legal duty under the law requiring a person to perform an act or refrain from doing an act which may injure another. OCGA § 51-1-6. We have no doubt that OSHA regulations by definition constitute as much a duty under the law and are as enforceable as the laws authorizing their creation and promulgation (see 29 USCA § 651 et seq.), and breach of those regulations is a violation of law. They should be admissible not merely as "standards" of performance, but as evidence of legal duty, violation of which may give a cause of action under OCGA § 51-1-6.

The trial court in this case was confronted with the confusion of issues that would arise, *to the plaintiff's detriment*, by the fact that OSHA violation citations were issued to Altman, Mr. Cardin's employer who could not be sued in tort, and not to Killeen, whom plaintiffs did sue. Upon this ground, if Killeen had sought to introduce the evidence so as to open the way to prove its official non-responsibility, plaintiffs would surely object or else suffer proportionately. Moreover,

since Killeen was not found in violation of OSHA regulations by OSHA enforcers, the burden upon plaintiffs to prove Killeen was liable for their violation would as easily defeat their case and form grounds for objection against prejudice which could not be overcome.

In this case, therefore, the trial court allowed parallel evidence of standards of ordinary diligence among contractors in shoring and sloping trenches and excavations, thus avoiding superfluous OSHA evidence that would have brought to light, to plaintiffs' detriment, the fact that OSHA officials placed the blame not upon Killeen but upon Mr. Cardin's employer. In this way, the trial court avoided certain prejudice against the plaintiffs while ensuring that applicable standards of care were placed before the jury. We find no reversible error in this action. Faced with evidence that investigative officials had not found Killeen responsible for the violation of OSHA regulations that might have caused the tragedy, the jury could more easily be prejudiced in favor of a finding that, on the issue of whether it was a third-party independent contractor, Killeen was not liable in tort. The trial court ruled judiciously in excluding evidence that was, after all, cumulative to the ordinary care evidence that was allowed.

We find no cause to reverse the judgment, particularly since the jury without knowing of the "official" action, found Killeen not responsible in tort.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 25, 1990.

*Samuel W. Oates, Jr.*, for appellants.
*Blackburn, Bright & Edwards, J. Converse Bright*, for appellee.