A95A1553. FINLEY et al. v. LEHMAN et al.
(463 SE2d 709)

BEASLEY, Chief Judge.

The surviving spouse of Finley brought this wrongful death action against the City of Cairo, Lehman, Hughes, and others. She dismissed the action against the city without prejudice and appeals the grant of summary judgment to Lehman and Hughes.

Lehman, along with a partner, purchased 11 lots in a residential subdivision in the city. He purchased the lots while the subdivision was being developed and agreed to undertake various improvements which the developer, Rudd, had been unable to complete on a timely basis. Among other things, he agreed to install sewer and water lines so as to meet minimum requirements of the city for the construction of housing on 43 lots in the subdivision. Lehman hired Quality Home

Builders, Inc., to construct the sewer and water lines.

Finley was employed by Quality Home Builders and was engaged in the installation of one of the sewer lines. He was working inside a ditch, located on a subdivision lot not owned by Lehman, which had been dug for placement of the line. The ditch caved in, evidently because of inadequate shoring. The cave-in covered Finley with several feet of dirt, resulting in his death from suffocation. Quality Home Builders paid workers' compensation benefits to plaintiff as decedent's dependent spouse.

Defendant Hughes is an engineer employed by the City of Cairo's utility department as wastewater superintendent. He was present at the job site on the day the ditch caved in and on previous occasions. He was there as a courtesy to the developer, in order to ensure that the sewer line was being constructed in accordance with requirements imposed by the city, with respect to whether the sewer line was being laid on a proper grade for adequate flow and whether the pipe in the line was being prepared and assembled properly. This is done to avoid the necessity for corrections after the ditches are covered.

Hughes testified that he made no inspections at the site which in any fashion pertained to whether the ditch was safely shored, although he did observe that it was not being shored and that only part of it was being shelved. Plaintiff presented evidence that the ditch excavation was in violation of OSHA standards, which would constitute a violation of a city requirement that all sewer construction be performed according to such standards. There is no evidence showing how this requirement is enforced.

1. Plaintiff's theory of liability in support of her claim against Hughes is based on the Restatement (2d) of Torts, § 324 A, part of the Good Samaritan Doctrine: "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." See *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 71 (1) (b) (378 SE2d 323) (1989).

None of these circumstances was present. Plaintiff's reliance upon the Restatement is unavailing. Hughes testified without contradiction that he did not undertake any safety inspections of the ditch, i.e., that he did not render any services to decedent's employer which he should have recognized as necessary for the protection of Finley. It is true that there is evidence that Finley's employer was negligent by reason of its shoring of the ditch in violation of OSHA standards.

*Cardin v. Telfair Acres of Lowndes County*, 195 Ga. App. 449, 450 (2) (393 SE2d 731) (1990). Nonetheless, Section 324 A of the Restatement provides no basis for holding Hughes liable for such negligence, based on the claim that a safety inspection of the ditch was a service he should have rendered to decedent's employer because the city required the ditch to be shored in accordance with OSHA standards. Section 324 A imposes liability only where a party has in fact undertaken to render services. *Johnston v. United States*, 461 FSupp. 991, 993 (5) (N. D. Fla. 1978). It does not impose liability based upon the failure to render services which should have been undertaken.

Moreover, plaintiff seeks to hold Hughes liable for breach of duty arising from his alleged failure to exercise reasonable care in his inspection of the ditch. A private citizen does not have a cause of action for breach of such a duty by a governmental employee in the absence of a special relationship between the citizen and the governmental unit. See *Landis v. Rockdale County*, 212 Ga. App. 700 (445 SE2d 264) (1994); *City of Lawrenceville v. Macko*, 211 Ga. App. 312, 314 (2) (439 SE2d 95) (1993); compare *Foster v. Crowder*, 117 Ga. App. 568, 569 (2) (161 SE2d 364) (1968). Such a relationship requires, among other things, an explicit assurance by the governmental unit, through promises or action, that it would act on behalf of the injured party. *City of Rome v. Jordan*, 263 Ga. 26, 29 (2) (426 SE2d 861) (1993). There is no such evidence here.

2. Plaintiff also contends that owner/developer Lehman was not entitled to summary judgment. She acknowledges that Lehman entered into an agreement with Rudd whereby Lehman was to install the sewer lines for the lots in the subdivision and that Lehman, in turn, hired decedent's employer as the subcontractor to perform the work. Lehman is entitled to tort immunity as the decedent's statutory employer. See *Intl. Leadburning Co. v. Forrister*, 213 Ga. App. 558 (445 SE2d 546) (1994).

Thus, plaintiff cannot hold Lehman liable for the negligence of decedent's employer under OCGA § 51-2-5, which sets forth the exceptions to the general rule of nonliability of an employer for the torts of an independent contractor. Compare *Horn v. C. L. Osborn Contracting Co.*, 591 F2d 318 (5th Cir. 1979) (in which the statutory employer defense was not in issue).

Since Lehman has tort immunity, he is not liable for negligence in hiring decedent's employer. In addition, the theory of negligent hiring does not apply because the uncontroverted evidence shows that decedent's employer was an independent contractor and not an employee of Lehman. *Mason v. Gracey*, 189 Ga. App. 150, 154 (1) (c) (375 SE2d 283) (1988); see also *Horney v. Panter*, 204 Ga. App. 474, 475 (2) (420 SE2d 8) (1992).

*Judgments affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 23, 1995.

*Robert M. Beauchamp*, for appellants.

*Wilkin, Raulerson & Fields, E. B. Wilkin, Jr., Alexander & Vann, William C. Sanders*, for appellees.