Melvin PHILLIPS, et al., Plaintiffs,

v.

DAP, INC., Defendant.

Civil Action No. 1:96–CV–2452–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 7, 1998.

Allan Leroy Parks, Jr., Matthew C. Billips, Kirwan, Parks, Chesin & Miller, Atlanta, GA, for Melvin Phillips and Joseph Phillips.

Donald B. Harden, Kenneth James Barr, Fisher & Phillips, Atlanta, GA, for DAP, Inc.

## ORDER

SHOOB, Senior District Judge.

This action under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.,* and state law is before the Court on defendant's motion for summary judgment and plaintiffs' cross-motion for partial summary judgment. For the following reasons, the Court denies plaintiffs' motion and grants defendant's motion.

*Background*

Plaintiff Joseph Phillips is mildly mentally retarded. Phillips's former employer, defen-

dant DAP, Inc. (DAP), manufactures adhesives, sealants, and related building products at a facility in Conyers, Georgia, where Phillips began working in June 1977. Throughout his employment at DAP, Phillips held the lowest level position at the facility, which was classified as "Entry Level/Utility." His work consisted mainly of stacking buckets on pallets and helping to clean the warehouse floor. Due to his mental retardation, Phillips was not able to perform any of the other jobs at DAP's facility.

In the fall of 1995, due to technological improvements that increased production capacity and efficiency, as well as a decrease in business, DAP decided to reduce the plant work force by one employee. At that time, the Conyers facility had a total of twelve employees: the Facility Manager, the Facility Coordinator, two supervisors, and eight production workers, including Phillips. Phillips was the only employee classified as Entry Level/Utility. DAP decided to lay off Phillips because he was the least skilled employee, and his duties could be taken over by the more skilled production workers, whose time had been freed up by the improved production methods and reduced production demands. Accordingly, on November 9, 1995, DAP terminated Phillips's employment.

Phillips, together with his brother Melvin acting as next friend, filed this action under the ADA alleging that he had been wrongfully terminated because of his disability. Phillips also asserts two claims under Georgia law. First, he claims that DAP invaded his privacy by requiring him to undergo a psychological examination in 1993. Second, Phillips alleges that DAP's violation of the ADA also gives rise to a right to recover damages under O.C.G.A. §§ 51–1–6 and 51–1–8. Following discovery, defendant moved for summary judgment on all of plaintiffs' claims. In response, plaintiffs moved for partial summary judgment as to defendant's liability.

*Summary Judgment Standard*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is ap-

propriate when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that this burden could be met if the moving party demonstrates that there is "an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. At that point, the burden shifts to the non-moving party to go beyond the pleadings and present specific evidence giving rise to a triable issue. *Id.* at 324, 106 S.Ct. 2548.

In reviewing a motion for summary judgment, the Court must construe the evidence and all inferences drawn from the evidence in the light most favorable to the non-moving party. *WSB–TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir.1988). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Discussion*

■The Court concludes that defendant is entitled to summary judgment on plaintiffs' ADA claim because the evidence establishes as a matter of law that DAP did not terminate Phillips *because of* his disability. *See* 42 U.S.C. § 12112(a). The evidence is undisputed that DAP chose to lay Phillips off because he was the least skilled employee. Although Phillips's lack of skill was due to his mental retardation, this does not mean that DAP's decision was *because of* Phillips's disability. *Matthews v. Commonwealth Edison Co.*, 128 F.3d 1194, 1197 (7th Cir.1997) ("[A] personnel action that is based on a disability-related cause is not itself an action *because of* a disability") (emphasis in original). In the context of a bona fide reduction in force (RIF), the ADA does not require an employer "to retain the least able because of disability." *Id.* at 1196.

■ Plaintiffs dispute that the layoff was due to a bona fide RIF. However, their only evidence to support this is their claim that some of DAP's other contentions in the case—*i.e.*, that it was not aware that Phillips was mentally retarded; that it did not require Phillips to undergo a psychological examination; that Phillips's position was eliminated; and that it later terminated another employee due to a similar RIF—all lack credibility. The Court, however, finds that each of these contentions is supported by evidence in the record. While plaintiffs may dispute them, this alone is not enough to raise a genuine issue as to pretext, absent any evidence that DAP was motivated by a desire to get rid of Phillips because he was mentally retarded.

■ The Court also concludes that defendant is entitled to summary judgment on plaintiffs' invasion of privacy claim, because there is not sufficient evidence for a jury to find that DAP forced Phillips to undergo a psychological examination. It is undisputed that in 1993 a doctor who treated Phillips for an arm injury recommended that he undergo a mental examination to confirm his fitness for work. DAP's plant manager at the time testified that Phillips voluntarily agreed to contact DAP's employee assistance program and that he later drove Phillips to his appointment with a psychiatrist because Phillips did not have a driver's license. Phillips testified that he did not want to see a psychologist and that DAP should have contacted his family about the appointment; however, he could not remember whether he had been forced to see the psychologist. Thus, there is not sufficient evidence that DAP forced Phillips to undergo a psychological examination to create a genuine issue for trial.

■ Finally, since the Court has already found that DAP did not violate the ADA, plaintiffs' claim under O.C.G.A. §§ 51–1–6 and 51–1–8 must also be dismissed. Moreover, even if there had been an ADA violation, these Georgia Code sections do not provide an additional right of action where an

express cause of action already exists under the ADA. *See Jairath v. Dyer,* 972 F.Supp. 1461, 1467–68 (N.D.Ga.1997).

*Summary*

For the foregoing reasons, the Court GRANTS plaintiffs' motion for leave to file motion for summary judgment [# 30–1]; DENIES plaintiffs' motion for partial summary judgment [# 25–1]; GRANTS defendant's motion for summary judgment [# 19–1]; and DISMISSES this action.