PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
07/19/99
THOMAS  K. KAHN
CLERK

_____

No. 98-8400

_____

D. C. Docket No. 1:97-CV-1359-TWT


RICHARD REILLY,

Plaintiff-Appellant,


versus


ALCAN ALUMINUM CORP.,
ALCAN ALUMINUM LTD.

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 19, 1999)**


Before EDMONDSON, COX and BIRCH, Circuit Judges.

BIRCH, Circuit Judge:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO O.C.G.A. § 15-2-9.

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

Richard Reilly appeals the district court's order dismissing his employment discrimination action filed pursuant to two state statutes, Ga. Code Ann. §§ 51-1-6 and 51-1-8, which generally provide private civil remedies for the breach of a legal duty. Reilly's claims against his former employer, Alcan Aluminum Ltd. ("Alcan"), require that we examine unanswered questions of Georgia law that are determinative of this appeal. We therefore certify these questions for resolution by the Georgia Supreme Court and postpone disposition of any remaining issues in this case until we have received an answer from the Court.

## I. BACKGROUND

Richard Reilly began his employment with Alcan Aluminum Ltd. ("Alcan") in 1974. Throughout his tenure with Alcan, Reilly worked in the area of safety

2

management.  In 1994, Alcan terminated Reilly from his position as Director of Safety.

According to the complaint, Reilly conducted safety, health, and environmental audits of various Alcan plant locations.  Reilly alleges that, in his reports, he identified numerous federal safety violations that he disclosed to Alcan officials, but that Alcan refused to correct these unsafe conditions, resulting in physical injury to Alcan employees.  Reilly further alleges that, although Alcan disseminated to its employees a "Principle and Philosophies Statement" ("POPS") governing the company's policies regarding business practices and employee relations, Alcan, in an effort to protect its decision not to rectify its known safety violations, did not abide by its internal operating procedures in terminating Reilly. In addition, Reilly contends that Alcan relied for many years on a "grade age matrix" in making personnel decisions, and that Reilly's age impermissibly influenced Alcan's decision to terminate him.

Reilly filed this diversity action in federal court, basing his suit on underlying federal legislation but utilizing general causes of action provided by Georgia statutes §§ 51-1-6 and 51-1-8.  Specifically, Reilly alleged that (1) Alcan's non-compliance with federal Occupational Safety and Health Act ("OSHA") regulations directly affected Georgia workers and thus constituted the breach of a

public duty under state law, Ga. Code Ann. § 51-1-6; (2) Alcan violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., which constituted an additional breach of a state-imposed public duty, also pursuant to § 51-1-6; and (3) Alcan's failure to adhere to the principles stated in its POPS document gave rise to the breach of a private duty under § 51-1-8. Although the text of the complaint briefly mentioned Georgia's statute prohibiting age discrimination in employment, Ga. Code Ann. § 34-1-2, Reilly sought to amend his complaint to add explicitly the factual allegations that could give rise to an additional count under §§ 51-1-6 and 8 for violation of this state anti-discrimination statute.

The district court dismissed the complaint for failure to state a claim. The court found that § 51-1-6 does not create an independent cause of action for violation of the ADEA or Georgia's age discrimination statute. The court further found that, although Georgia courts have held that OSHA regulations constitute a legal duty and, therefore, may give rise to an action under § 51-1-6, Reilly's sole injury as alleged in the complaint was his termination, an injury unrelated to the alleged OSHA violations. The court also determined that Alcan's alleged violation of the POPS principles did not give rise to a private duty under § 51-1-8 and that, as an at-will employee, Reilly did not have a cause of action for wrongful

4

discharge. Finally, the court noted that Reilly had failed to attach a memorandum of law to his motion to amend, as required by Local Rule 7.1(A)(1), and thus refused to allow Reilly to amend the complaint to state a claim under § 34-1-2, Georgia's age discrimination statute.

On appeal, Reilly argues that the district court erred in concluding that neither § 51-1-6 nor § 51-1-8 creates a cause of action for the underlying violation of the ADEA or Ga. Code Ann. 34-1-2 and, as a result of this determination, in dismissing his complaint for failure to state a claim. Reilly further asserts that the court abused its discretion in denying his motion to amend the complaint.[1]

## II. DISCUSSION

The two Georgia enabling statutes relevant to Reilly's age discrimination claims provide:

> When the law requires a person to perform an act for the
> benefit of another or to refrain from doing an act which
> may injure another, although no cause of action is given

---

[1]Through his request to amend the complaint, Reilly sought to expand and further delineate his claim that Alcan violated public and private duties created by §§ 51-1-6 and 8 by violating Ga. Code Ann. § 34-1-2. We need not decide whether the district court abused its discretion in denying Reilly's motion to amend, however, because we find that the original complaint asserted a claim pursuant to Ga. Code Ann. § 34-1-2 such that amendment was not critical or necessary. As a result, we conclude that the question of whether Alcan breached a duty pursuant to §§ 51-1-6 or 8 by violating Georgia's age discrimination prohibition is properly before us.

> in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

Ga. Code Ann. § 51-1-6.

> Private duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action.

Ga. Code Ann. § 51-1-8.

As noted earlier, Reilly suggests that the public and private legal duties breached in this case were Alcan's alleged violations of the ADEA, and Georgia's prohibition against age discrimination. Alcan responds that Georgia law does not permit a plaintiff to use §§ 51-1-6 or 8 as vehicles for a substantive right of action that already exists under either federal or state law. Alcan further submits that, because Georgia's penal statute prohibiting age discrimination does not provide a private cause of action, Reilly may not use § 51-1-6 or § 51-1-8 as a vehicle to create a private right to sue. Finally, Alcan suggests that Reilly, as an at-will employee, has no protected property interest in his employment under state law and, therefore, no state-based cause of action relating to his termination.

As noted by Reilly, Georgia courts have permitted plaintiffs to use §§ 51-1-6 and 8 as enforcement vehicles where a legal duty could be shown by virtue of state or federal law. In Cardin v. Telfair Acres of Lowndes County, 393 S.E.2d 731

6

(Ga. Ct. App. 1990), for instance, the court observed that a cause of action for violation of OSHA regulations was authorized under § 51-1-6 because

> OSHA regulations by definition constitute as much a duty under the law and are as enforceable as the laws authorizing their creation and promulgation . . . , and breach of those regulations is a violation of law. They should be admissible not merely as "standards" of performance, but as evidence of legal duty, violation of which may give a cause of action under OCGA § 51-1-6.

Id. at 733. Similarly, in Holmes v. Drucker, 411 S.E.2d 728 (Ga. Ct. App. 1991), the court found that the trial court had erred in excluding evidence relating to the plaintiff's allegations of fraud and breach of fiduciary duty, and stated that under §§ 51-1-6 and 8, "[w]here there is fraud or breach of a legal or private duty accompanied by any damage, the law gives a right to recover." Id. at 730. See also Peters v. Hyatt Legal Servs., 440 S.E.2d 222, 227 (Ga. Ct. App. 1993) (plaintiff stated cause of action under § 51-1-6 against notary who allegedly notarized forged signature.).

In Jairath v. Dyer, 972 F. Supp. 1461 (N.D. Ga. 1997), vacated on other grounds, 154 F.3d 1280 (11th Cir. 1998), however, a federal district court held that § 51-1-6 "provides recovery for the breach of a duty only when a private cause of action which affords a remedy is not otherwise available." Id. at 1467. It is worth noting that in Jairath, the plaintiff sought to recover under both § 51-1-6 for

7

violations of the Americans with Disabilities Act ("ADA") and the ADA itself. The court thus considered the availability of a remedy under the state statute in the context of the plaintiff's attempt to recover simultaneously under both a state and federal statutory scheme for the same underlying violation of law, the ADA. Although Reilly does not similarly attempt to "double dip" with regard to both the ADEA and § 51-1-6, it is unclear from the current decisional law whether this fact is determinative of the legal reach of § 51-1-6. See also Phillips v. DAP, Inc., 10 F.Supp.2d 1334, 1336-37 (N.D. Ga. 1998) ("[E]ven if there had been an ADA violation, [§§ 51-1-6 and 51-1-8] . . . do not provide an additional right of action where an express cause of action already exists.").[2]

It is also important to note that Reilly's claim under §§ 51-1-6 and 8 for the underlying breach of the state duty not to discriminate on the basis of age gives rise

---

[2]Alcan submits that allowing a plaintiff to use § 51-1-6 or § 51-1-8 as a vehicle to seek redress for the alleged violation of a federal statute, such as the ADEA, that has extensive administrative requirements would frustrate a comprehensive statutory scheme established by Congress. Alcan further argues that, in this case, Reilly would now be time-barred from bringing an independent ADEA claim, thus highlighting the manner in which use of §§ 51-1-6 and 8 as a way indirectly to bring an ADEA claim would allow Reilly to circumvent the ADEA's statute of limitations.

It remains unclear whether–or to what extent–the fact that Reilly would now be precluded from bringing an independent ADEA claim is relevant to the underlying question raised in this appeal: Whether §§ 51-1-6 and 8 give rise to a cause of action for the underlying violation of the ADEA. We believe that the significance of the fact that Reilly would be barred by the applicable statute of limitations from raising an independent ADEA claim is inextricably linked to the more general question of how §§ 51-1-6 and 8 should be interpreted under Georgia law and, thus, should properly be decided by the Supreme Court of Georgia.

8

to a slightly different, but related, question of Georgia law.  As noted earlier, the state statute in question is essentially penal in nature.  A person or corporation who violates this statutory provision is guilty of a misdemeanor which is punishable by a fine.  See Ga. Code Ann. § 34-1-2.  We previously have found that § 34-1-2, by itself, does "not give rise to a private cause of action for the conduct proscribed." Calhoun v. Federal Nat'l Mortgage Ass'n, 823 F.2d 451, 455 (11th Cir. 1987). Significantly, two federal district courts have construed Calhoun to compel the conclusion that a plaintiff may not point to an employer's alleged violation of § 34-1-2 as the underlying duty breached pursuant to §§ 51-1-6 or 8 because to do so would be tantamount to creating indirectly a private cause of action under § 34-1-2. See Bruce v. S & H Riggers & Erectors, Inc., 732 F. Supp. 1172, 1180 (N.D. Ga. 1990); Wisdom v. M.A. Hanna Co., 978 F. Supp. 1471, 1480 (N.D. Ga. 1997), aff'd, 141 F.3d 1190 (11th Cir. 1998).  The Georgia courts thus far have not spoken on the extent to which a plaintiff may identify a state penal statute as the underlying duty that can give rise to liability under §§ 51-1-6 and 8.  As a result, we again have little guidance as to how the Georgia courts wish to construe the scope of these broadly worded enabling laws.[3]

---

[3]It is also worth noting that, due to the dearth of explication by Georgia courts as to the specific applications of §§ 51-1-6 and 8, it is unclear whether the fact that Reilly appears to have been an at-will employee and thus subject to an employment relationship that could be "terminated at will by either party," Ga. Code Ann. § 34-7-1, informs or affects our analysis of

9

Because this case requires that we understand the reach of both § 51-1-6 and § 51-1-8 in order to determine whether Reilly has stated a viable claim under Georgia law, we therefore certify the following questions to the Supreme Court of Georgia:

1. DOES GA. CODE ANN. § 51-1-6 OR § 51-1-8 GIVE RISE TO A COGNIZABLE CLAIM FOR BREACH OF A LEGAL DUTY WHERE THE DUTY ALLEGEDLY BREACHED IS THE VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), 29 U.S.C. § 621 ET SEQ.?

2. DOES GA. CODE ANN. § 51-1-6 OR § 51-1-8 GIVE RISE TO A COGNIZABLE CLAIM FOR BREACH OF A LEGAL DUTY WHERE THE DUTY ALLEGEDLY BREACHED IS THE VIOLATION OF GA. CODE ANN. 34-1-2?

The phrasing used in these certified questions should not restrict the Supreme Court's consideration of any other problems posed by this case. This caveat extends to the Supreme Court's restatement of the issues and the manner in which the answer is given. In order to assist the Court's consideration of the case,

_____

this issue. We invite the Georgia Supreme Court to consider Reilly's at-will status as part of its examination of the scope of §§ 51-1-6 and 8.

10

the entire record along with the briefs of the parties, shall be transmitted to the Court.

QUESTIONS CERTIFIED.