**Eddie N. CRUET, Plaintiff,**

v.

**EMORY UNIVERSITY, Defendant.**

**No. Civ.A. 199–CV0457RWS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 28, 2000.

Milton Dale Rowan, Chip Rowan & Associates, Atlanta, GA, for plaintiff.

Burton F. Dodd, Kimberly N. Martin, Michelle C. Hamilton, Fisher & Phillips, Atlanta, GA, for defendant.

## ORDER

STORY, District Judge.

In this action Cruet alleges Emory unlawfully terminated him in violation of the Vocational Rehabilitation Act ("VRA") 29 U.S.C. § 791 *et seq.*, the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, and O.C.G.A. § 30–1–2. Now the Court considers Emory's Motion to Dismiss [4–1] Cruet's state law claims. Having reviewed the record and considered the arguments of the parties, the Court enters the following Order GRANTING Emory's Motion to Dismiss Cruet's pendent state law claims.

**Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) empowers the Court to grant a defendant's motion to dismiss when a complaint fails to state a claim upon which relief can be

granted. In making this determination, the Court may only look to the pleadings. Fed.R.Civ.P. 12(b). The pleadings are, in addition, construed broadly so that all facts pleaded therein are accepted as true and all inferences are viewed in a light most favorable to the nonmoving party. *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964). Therefore, a motion to dismiss should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### Discussion

This dispute arises from Emory's termination of Cruet from his position as a Research Specialist, Senior. Cruet alleges Emory unlawfully discriminated against him due to his disability (HIV & depression). Emory now seeks the dismissal of Cruet's state law claims. Cruet brings these claims pursuant to O.C.G.A. § 51–1–6 which provides as follows:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, *although no cause of action is given in express terms,* the injured party may recover for the breach of such legal duty if he suffers damage thereby.

O.C.G.A. § 51–1–6 (emphasis added). Section 51–1–6 is a vehicle for asserting a tort claim for the violation of a legal duty, and Cruet brings claims under section 51–1–6 based on Emory's alleged violations of federal and state law.

#### 1. Alleged Violation of Federal Law

First, Cruet contends Emory's alleged violation of federal discrimination laws provides him with a cause of action under § 51–1–6. The relationship between § 51–1–6 and federal law is currently the subject of a certified question posed by the Eleventh Circuit to the Georgia Supreme Court. *Reilly v. Alcan Aluminum Corp.,* 181 F.3d 1206 (11th Cir.1999). The case that prompted the Eleventh Circuit to

seek assistance involves a claim made pursuant to § 51–1–6 for violation of the ADEA, violation of OSHA regulations, and violation of a state age discrimination statute. *Id.* at 1207. In *Reilly,* the plaintiff resorted to § 51–1–6 because his ADEA claim was time barred. *Id.* at 1209, n. 2. The court noted the "dearth of explication by Georgia courts as to the specific applications" of this code section, and sought guidance from the Georgia Supreme Court as to whether § 51–1–6 gave rise to a cognizable claim where the duty allegedly breached is the violation of the Age Discrimination in Employment Act. *Id.* at 1209 & n. 3.

■ In the present action, Cruet does not simply attempt to use § 51–1–6 to seek redress for violation of a legal duty created by federal law; he is "double dipping"— attempting "to recover simultaneously under both a state and federal statutory scheme for the same underlying violation of the law." *See id.* at 1209. Section 51–1–6 is designed to provide a cause of action for the breach of a legal duty where one does not otherwise exist. The plain language of the statute shows that it operates where "no cause of action is given in express terms." § 51–1–6. The breach of a legal duty Cruet seeks to rely on here is one where an express cause of action already exists as part of a remedial scheme set out by Congress under the VRA and the ADA. Since a cause of action already exists for violations of the VRA and ADA, Cruet may not recover under § 51–1–6 for any alleged violations of these legal duties.

Two earlier cases from this district support this result. In *Jairath v. Dyer* 972 F.Supp. 1461, 1465 (N.D.Ga.1997) *vacated on other grounds,* 154 F.3d 1280 (11th Cir.1998), the Court noted § 51–1–6 "operates in conjunction with a statute that recognizes a breach of duty but provides no express cause of action." *Jairath,* who is HIV-positive, sued a physician for refusing to perform cosmetic surgery on him, alleging violations of the ADA. *Id.* at 1464. The district court ruled Jairath lacked standing because the provisions of the

ADA he relied on provide only for injunctive relief. Since he had already received the surgery he desired from another physician, an injunction could not redress his injury. *Id.* at 1467.

The Eleventh Circuit held that the district court "lacked subject-matter-jurisdiction over [the] case because Jairath's claims (under § 51–1–6) do not 'arise under' federal law." *Id.* at 1281. Once the district court determined Jairath lacked standing on his ADA claim, there was no federal question in the case at all. The district court no longer had subject matter jurisdiction once the only claim left in the action was the claim brought under Georgia law. Accordingly, the Eleventh Circuit vacated the district court's opinion, instructing it to remand the case to state court for consideration of the state law issue. *Jairath*, 154 F.3d at 1284. The Eleventh Circuit's treatment of the case, however, does nothing to take away from the district court's conclusion regarding the state law issue where it found "that courts only allow a party to use O.C.G.A. § 51–1–6 when no private cause of action exists." *Jairath*, 972 F.Supp. at 1467. This is the conclusion warranted by the plain language of the statute.

This result also finds support in *Phillips v. DAP, Inc.*, 10 F.Supp.2d 1334 (N.D.Ga. 1998). There the court found that any claim under § 51–1–6 must be dismissed because it found no violation of the ADA but noted that "even if there had been an ADA violation, these Georgia Code sections do not provide an additional right of action where an express cause of action already exists under the ADA." *Id.* at 1336.

Georgia cases relying on § 51–1–6 to redress violations of federal law do nothing to undercut the statutory requirement which makes this remedy available only where no cause of action is given in express terms. In each of those cases the plaintiff based a claim made under § 51–1–6 on violations of federal regulations that did not provide for a private cause of action. *See e.g., Ford v. Saint Francis Hosp., Inc.*, 227 Ga.App. 823, 826, 490 S.E.2d 415, 420 (1997) (regulations governing infection control); *Cardin v. Telfair Acres of Lowndes County, Inc.*, 195 Ga. App. 449, 450, 393 S.E.2d 731, 733 (1990) (OSHA regulations).

Since an express cause of action is already given in express terms for the violations of the VRA and the ADA, Cruet's claims for damages under § 51–1–6 which rely on violations of these federal anti-discrimination provisions must be dismissed.

2.  Alleged Violation of O.C.G.A. § 30–1–2

█   Cruet also contends Emory violated O.C.G.A. § 30–1–2 which entitles him to relief under § 51–1–6. Section 30–1–2 is merely a general statement of public policy.[1] This Court will not graft § 51–1–6 to a general policy statement in order to create a cause of action. Any attempt to fashion the elements of such an ill-defined cause of action would invite borrowing from federal anti-discrimination law which already provides a cause of action in express terms.

Section 30–1–2 sets out the policy of the state, and policy is defined as the "general principles by which a government is guided in its management of public affairs." *Black's Law Dictionary*, 1157 (6th ed.1990). As it is only a statement of policy, this provision does not "require a person to perform an act for another or refrain from doing an act which may injure another." O.C.G.A. § 51–1–6; *see City of Buford v. Ward*, 212 Ga.App. 752, 755, 443

---

1.  Section 30–1–2 provides as follows:
    It is the policy of this state that blind, visually disabled, deaf, and otherwise physically disabled persons shall be employed in the service of the state or political subdivisions of the state, in the public schools, and in all other employment supported in whole or in part by public funds on the same terms and conditions as able-bodied persons, unless it is shown that the particular disability prevents the performance of the work involved.
    O.C.G.A. § 30–1–2 (1997).

S.E.2d 279 (1994) (provision contemplating municipal liability for improper performance of ministerial duties could not be used in conjunction with § 51–1–6 because it did not create a legal duty). The cases where Georgia courts allow a plaintiff to invoke § 51–1–6 depend on a breach of a legal duty with some ascertainable standard of conduct. *See e.g., St. Mary's Hosp. of Athens, Inc. v. Radiology Professional Corp.*, 205 Ga.App. 121, 421 S.E.2d 731 (1992) (alleged breach of hospital by-laws concerning notice and hearing in conjunction with revocation of staff privileges); *Cardin*, 195 Ga.App. at 450, 393 S.E.2d at 733 (OSHA regulations regarding excavations).

As the provision relied on here does not create a legal duty, Cruet's claim under § 51–1–6 in reliance on the alleged violation of § 30–1–2 is dismissed.

### Conclusion

For the reasons set out above, Defendant's Motion to Dismiss [4–1] is hereby GRANTED, leaving only Cruet's claims under federal law.