[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13944
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00089-BAE-GRS

LAWRENCE MANKER, JR.,
STEPHANIE HUNT,
As Administrator of the Estate of
Malcolm Carton Frazier, deceased,
KENDRA FRAZIER,
As child of Malcolm Carlton Frazier, deceased,

Plaintiffs - Appellants,

versus

THE ZURICH SERVICES CORPORATION,

Defendant - Appellee,

AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 28, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lawrence Manker, Jr., Stephanie Hunt, and Kendra Frazier (Appellants) appeal the district court's decision granting Appellee Zurich Services Corporation's (Zurich) motion for summary judgment.  The district court found that because Zurich's inspections were limited to underwriting purposes for the property insurance policy, the Appellants were unable to show that their injuries were caused by reliance on any duty of Zurich to perform safety inspections.  After review of the parties' briefs and the record on appeal, we affirm.

On February 7, 2008, there was a large explosion at the Imperial Sugar Company's (Imperial) Port Wentworth, Georgia sugar refinery plant.  Appellant Manker was injured in the explosion, and Malcolm Frazier was killed.[1]  Zurich American Insurance Company (ZAIC) was the insurance underwriter for Imperial's property insurance policy.  ZAIC contracted separately with Zurich to

_____

[1] Stephanie Hunt and Kendra Frazier bring this lawsuit on behalf of Malcolm Frazier. Hunt is the administrator of Malcom Frazier's estate, and Kendra Frazier is the daughter of Malcolm Frazier.

2

perform property risk assessments for underwriting purposes. Zurich inspected the plant in 2004, 2005, 2006, and 2007.

The 2008 explosion was caused by stainless steel covers that were placed over tunnel conveyer belts beneath two different silos. The covers were placed over the silos in the months preceding Zurich's 2007 inspection. In 2008, Appellants brought suit, contending that Zurich's negligence in failing to identify the catastrophic threat of explosion caused the injuries to Manker and Malcolm Frazier. Zurich moved for summary judgment, which the district court granted, finding that Appellants' claims under § 324A of the Restatement (Second) of Torts failed as a matter of law. This appeal followed.

We review the district court's rulings on a motion for summary judgment de novo, "apply[ing] the same legal standards that bound the district court." *Nat'l Fire Insur. Co. of Hartford v. Fortune Constr. Co.*, 320 F.3d 1260, 1267 (11th Cir. 2003). "The standard of review for a motion of summary judgment is whether a genuine issue exists as to any material fact and whether the moving party is entitled to judgment as a matter of law." *Sarfati v. Wood Holly Assocs.*, 874 F.2d 1523, 1525 (11th Cir. 1989); *see* Fed. R. Civ. P. 56.

Appellants' claims are rooted in § 324A of the Restatement (Second) of Torts, recognized by the Georgia Supreme Court in *Huggins v. Aetna Casualty & Surety Co.*, 264 S.E.2d 191, 192 (Ga. 1980):

3

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Specifically, Appellants contend that Zurich had a duty to the workers at the plant because it conducted inspections at the plant. Whether Zurich had a duty to Appellants is a question of law. *Perkins v. Kranz*, 728 S.E.2d 804, 806 (Ga. Ct. App. 2012) ("[T]he threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff. This issue is a question of law." (internal quotation marks omitted)).

A defendant's "duty may arise from contract or from undertaking actual inspections without a contract." *Sims v. Am. Cas. Co.*, 206 S.E.2d 121, 130 (Ga. Ct. App. 1974). In order for Appellants to establish a prima facie case under § 324A, there must be an undertaking by Zurich. *See Finley v. Lehman*, 463 S.E.2d 709, 710 (Ga. Ct. App. 1995). Here, Zurich did not undertake the duty to perform inspections for Imperial. Zurich was a separate entity that performed inspections for ZAIC for insurance underwriting purposes. "Section 324A of the Restatement will not support a cause of action based on the theory that a party who did not undertake to render services *should have* done so." *Davenport v. Cummins*

4

*Alabama, Inc.*, 644 S.E.2d 503, 509 (Ga. Ct. App. 2007).  "Because the undisputed evidence shows that [Zurich] did not undertake to render services to another which it should have recognized as necessary for the protection of a third person or his things, [Zurich] is entitled to judgment as a matter of law on [Appellants'] negligent inspection claim based on Section 324A of the Restatement."  *Id.*

    **AFFIRMED.**