**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 25, 2015**

# In the Court of Appeals of Georgia

A14A1911. BING v. THE ZURICH SERVICES CORPORATION.

A14A1912. LOWE et al. v. THE ZURICH SERVICES CORPORATION et al.

A14A1913. PURNELL v. THE ZURICH SERVICES CORPORATION.

A14A1914. SECKINGER v. THE ZURICH SERVICES CORPORATION.

McFADDEN, Judge.

These appeals are from trial court orders granting summary judgment to defendants in a negligent inspection case arising out of the catastrophic explosion of a sugar refinery plant operated by the Imperial Sugar Company. Because the trial court correctly found that there exists no genuine issue of material fact, we affirm.

> To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the

plaintiff's claims or establishing from the record an absence of evidence to support such claims. Once a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. We review a grant of summary judgment de novo and construe the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Brown v. Seaboard Constr. Co.*, ___ Ga. App. ___ (1) (Case No. A14A1863, decided February 25, 2015) (citations and punctuation omitted).

So viewed, the evidence shows that the Imperial Sugar Company has a sugar refinery plant in Port Wentworth, Georgia. Zurich American Insurance Company ("ZAIC") was the insurance underwriter for Imperial's property insurance policy for the plant. ZAIC contracted with its affiliate, Zurich Services Corporation ("Zurich"), to conduct annual inspections of the plant. In April 2007, Zurich conducted such an inspection, during which its inspector failed to inspect conveyor belts over which Imperial had placed stainless steel covers. Several months later, in January 2008, an Imperial plant safety manager warned the plant manager and safety director of sugar piling up under the covered conveyor belts. He wrote in an email,

> We have serious dust, explosion hazards on the 9th floor of the silo. In some places sugar is piled up under the steel belt with nowhere to go because of the stainless covers over the belt. . . . I know the stainless covers are a quality thing but they are also not allowing sugar to get

2

from underneath the belt and piling up into bearings and other metal components. We have a serious issue here we need to address.

A few weeks later, on February 7, 2008, there was an explosion at the plant when sugar dust, which had accumulated under the covered conveyor belts, ignited. Derrick Bing, Justin Purnell, Paul Seckinger, Patricia Proctor and others were injured in the explosion.

Bing, Purnell, Seckinger, and the survivors of Proctor , who is now deceased, sued numerous entities, including Zurich. The claims against Zurich were premised on the contention that it had negligently failed to identify the threat of the explosion during its 2007 inspection. Zurich moved for summary judgment, and the trial court granted the motion, finding that Zurich had undertaken the inspection for insurance underwriting purposes and owed no duty to the plaintiffs. Bing, Purnell, Seckinger and the survivors of Proctor appeal.

1. *Claims under Section 324A of the Restatement (Second) of Torts.*

The appellants claim that there is a genuine issue of material fact as to whether Zurich owed them a duty pursuant to Section 324A of the Restatement (Second) of Torts. However, this very issue has been decided adversely to them in a similar federal court action arising from the same explosion. *Manker v. The Zurich Services*

*Corporation*, 556 Fed. Appx. 907 (11th Cir. 2014). Although the federal court decision is not binding on this court, we find the analysis in that decision to be persuasive. See *Baskin v. Ga. Dept. of Corr.*, 272 Ga. App. 355, 359 (3) (612 SE2d 565) (2005) (federal court decisions are not binding authority on this court, but their reasoning may be persuasive).

Section 324A of the Restatement (Second) of Torts does provide for liability to third persons for negligent performance of an undertaking, and was adopted by the Georgia Supreme Court in *Huggins v. Aetna Cas. & Sur. Co.*, 245 Ga. 248 (264 SE2d 191) (1980).

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Id. at 249.

The appellants in *Manker*, supra, like the appellants in the instant case, claimed that under Section 324A, Zurich had a duty to the workers at the plant because it had conducted inspections there. But as explained by the federal court of appeals:

4

In order for Appellants to establish a prima facie case under [Section] 324A, there must be an undertaking by Zurich. See *Finley v. Lehman*, 218 Ga. App. 789 [(463 SE2d 709) (1995)]. Here, Zurich did not undertake the duty to perform inspections for Imperial. Zurich was a separate entity that performed inspections for ZAIC for insurance underwriting purposes. Section 324A of the Restatement will not support a cause of action based on the theory that a party who did not undertake to render services *should have* done so. *Davenport v. Cummins Alabama, Inc.*, 284 Ga. App. 666 [(644 SE2d 503) (2007)]. Because the undisputed evidence shows that Zurich did not undertake to render services to another which it should have recognized as necessary for the protection of a third person or his things, Zurich is entitled to judgment as a matter of law on Appellants' negligent inspection claim based on Section 324A of the Restatement. Id.

*Manker*, supra at 908-909 (emphasis in original; punctuation omitted).

The federal district court order granting summary judgment to Zurich, which the appeals court affirmed, discussed that evidence which, as in the instant case, included the insurance policy and report issued to Imperial. See *Manker v. Zurich Servs. Corp.*, 2013 U.S. Dist. LEXIS 108496 (S.D. Ga. Aug. 1, 2013).

The property insurance policy issued to Imperial states "we have the right but not the obligation to make inspections and surveys at any time; give you reports on the conditions we find; and recommend changes." The policy further states: "Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. We do not warrant that conditions are safe or healthful; or comply with laws, regulations, codes or standards.

5

Zurich also issued a Property Policyholder Risk Improvement Report after its inspections bearing the following notice: "Only you can make your workplace safe. Those duties are not delegated and Zurich Services Corporation accepts no delegation of those duties. Zurich Services Corporation will assist you by providing the specific services for which you have contracted. However, it makes no warranties in conjunction with those services, and it undertakes no obligation other than set out in the contract."

*Manker*, supra at 2013 U.S. Dist. LEXIS 108496 (III) *5-6 (citations and punctuation omitted).

Thus, as found by both the federal district and appellate courts, Zurich did not undertake to render safety inspections for Imperial, and instead undertook to conduct inspections for underwriting purposes for the property insurance policy. The appellants' arguments to the contrary amount to claims that Zurich should have undertaken a safety inspection, but as the federal appellate court explained, Section 324A "will not support a cause of action based on the theory that a party who did not undertake to render services *should have* done so. [Cit.]" *Manker*, supra, 556 Fed. Appx. at 909 (emphasis in original). Accordingly, the trial court correctly ruled that Zurich was "entitled to judgment as a matter of law on the [appellants'] negligence claim[s] based on Section 324A of the Restatement." *GuideOne Mutual Ins. Co. v. Hunter*, 286 Ga. App. 852, 855 (650 SE2d 424) (2007) (where inspection undertaken

6

only to determine certain obligations under insurance policy). See also *Davenport*, supra at 673 (2) (inspection involving performance review of an engine was not a safety inspection).

2. *AIB International, Inc.*

The appellants in Case No. A14A1912 incorporate their arguments concerning the grant of summary judgment to Zurich into a separate enumeration contending that the trial court also erred in granting summary judgment on its Section 324A claim against another defendant, AIB International, Inc. ("AIBI"). That claim is without merit as the undisputed evidence shows that AIBI, like Zurich, did not undertake to conduct a safety inspection of the plant. Rather, AIBI conducted food service audits whose purpose was only to ensure food safety and that the finished sugar product was not contaminated. The trial court therefore correctly granted summary judgment to AIBI. See *GuideOne*, supra; *Davenport*, supra.

*Judgments affirmed in all cases. Andrews, P. J., and Ray, J., concur.*