**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 1, 2022**

# In the Court of Appeals of Georgia

A22A0939. FAVORITO et al. v. WAN et al.

A22A1097. JEFFORDS et al. v. FULTON COUNTY et al.

MCFADDEN, Presiding Judge.

Garland Favorito, Caroline Jeffords, and seven other Georgia residents petitioned for declaratory judgment and injunctive relief against five members of the Fulton County Board of Registration and Elections in their individual capacities, claiming that votes cast by the petitioners during the 2020 general election were diluted by the inclusion of allegedly unlawful ballots in Fulton County. Jeffords and one other petitioner also claimed that Fulton County had violated the Georgia Open Records Act.[1] Three of the respondent board members filed a motion to dismiss the

---

[1]All nine petitioners originally filed a single petition together. But after the trial court granted a motion to sever, two separate amended petitions alleging related claims were filed, with Favorito and six others filing one amended petition, while

petitions based on the petitioners' lack of standing. The trial court granted the three board members' motion and dismissed the claims against them, finding that the petitioners lacked standing due to their failure to allege a particularized injury. The court further ordered that the claims against the other two board members also be dismissed due to the same lack of standing of the petitioners. The court also dismissed Fulton County from the case, finding that the Open Records Act claims against it had already been fully adjudged in a prior order.

The petitioners appeal from the dismissal order, with Favorito and six others appealing in Case No. A22A0939, and Jeffords and another petitioner appealing in Case No. A22A1097. We consider the appeals together since they arise from the same order and both challenge the trial court's lack of standing ruling.

Because the petitioners' claims of vote dilution did not allege particularized injuries, the trial court correctly dismissed their claims against the five board members due to lack of standing. And an additional argument regarding standing to bring the Open Records Act claims against Fulton County presents nothing for review since the trial court did not dismiss Fulton County from the case based on the petitioners' lack of standing. So we affirm the order of the trial court in both appeals.

Jeffords and another petitioner filed the other amended petition.

2

1. *Standing.*

"Standing is . . . a jurisdictional issue that must be considered before reaching the merits of any case, and is a doctrine rooted in the traditional understanding of a case or controversy." *Sons of Confederate Veterans v. Newton County Bd. of Commrs.*, 360 Ga. App. 798, 803 (2) (861 SE2d 653) (2021) (citations and punctuation omitted). "[L]itigants must establish their standing to raise issues before they are entitled to have a court adjudicate those issues[.]" *Sherman v. City of Atlanta*, 293 Ga. 169, 172 (2) (744 SE2d 689) (2013). To establish standing, under both Georgia and federal law,[2] a litigant must demonstrate,

---

[2]We note that two members of our Supreme Court have opined that it is "well past time to consider the source and nature of Georgia's standing doctrine, and the extent to which our reliance on federal standing jurisprudence really is appropriate in interpreting and applying Georgia standing doctrine." *Black Voters Matter Fund v. Kemp*, 313 Ga. 375, 393 (870 SE2d 430) (2022) (Peterson J., concurring). And that court has granted certiorari to address standing in *Sons of Confederate Veterans*, supra, cert. granted, S22C0039, 22C0045, S22G0045 (Mar. 8, 2022).

"Article III of the [United States] Constitution limits the jurisdiction of federal courts to adjudicating actual 'Cases' and 'Controversies.' To determine whether a dispute satisfies Article III's case-or-controversy requirement, courts have established[, among other justiciability doctrines,] the standing doctrine." *Mack v. USAA Cas. Ins. Co.*, 994 F3d 1353, 1356 (III) (11th Cir. 2021).

But as the *Black Voters Matter* concurring opinion explains, "[n]o such concrete qualification appears in the Georgia Constitution's only provision that explicitly mentions the state judicial power. See Ga. Const. of 1983, Art. VI, Sec. I, Par. I ('The judicial power of the state shall be vested exclusively in the following classes of courts. . . .')." *Black Voters Matter*, supra at 392 (Peterson, J., concurring).

(1) an injury in fact; (2) a causal connection between the injury and the causal conduct; and (3) the likelihood that the injury will be redressed with a favorable decision. An injury in fact is one that is both concrete and particularized. . . . The Supreme Court of the United States has explained that, for an injury to be particularized, it must affect the plaintiff in a personal and individual way.

---

"The word 'case' does appear elsewhere in Article VI of the Georgia Constitution, although only in provisions with limited application." *Id. at* 392, n. 23 (Peterson, J., concurring). Citing his concurring opinion in *Black Lives Matter*, Justice Peterson has opined that "it is quite doubtful that the actual use of 'case' in Article VI is a limitation generally on judicial power in the way that the case-and-controversy language in Article III of the United States Constitution limits the federal judicial power." *McAlister v. Clifton*, 2022 Ga. LEXIS 156 **15-16 (Case No. S22A0144, decided May 17, 2022) (Peterson, J., concurring).

On the other hand, "at least one such provision is about jurisdiction[.]" *Black Voters Matter*, supra at 392, n. 23 (Peterson, J. concurring). Our state constitution provides in part: "The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution." Ga. Const. of 1983, Art. VI, Sec. IV, Par. I. That provision "establishes the superior courts as courts of general jurisdiction[.]" *Mosley v. Lancaster*, 296 Ga. 862, 866 (2) (770 SE2d 873) (2015).

So the jurisdiction of the superior courts to exercise the judicial power is over cases. And the jurisdictions of every other class of court to exercise that power is arguably derivative of the jurisdiction of the superior courts. Courts of limited jurisdiction are vested with portions of that general jurisdiction. And, with the sole exception of the Supreme Court's certified-question jurisdiction, the jurisdiction of the Supreme Court and Court of Appeals is appellate and certiorari jurisdiction over that general jurisdiction. Moreover, "[i]t is a settled principle of Georgia law that the jurisdiction of the courts is confined to justiciable controversies[.]" *Fulton County v. City of Atlanta*, 299 Ga. 676, 677 (791 SE2d 821) (2016).

Regardless, "our past precedent relying on federal case law — even if wrongly decided — is precedent binding on lower courts[.]" *Black Voters Matter,* supra at 394 (Peterson, J., concurring). So in our decision today we must apply the existing law.

4

*Sons of Confederate Veterans*, supra at 803-804 (2) (citations and punctuation omitted).

In another case which, like the instant cases, also involved a lawsuit claiming vote dilution based on allegedly unlawful ballots in Georgia during the 2020 general election, a federal appellate court applied the same three-part standing test recited above and found that the plaintiff lacked standing because he had failed to allege a particularized injury. See *Wood v. Raffensperger*, 981 F3d 1307 (11th Cir. 2020). "Although the federal court decision is not binding on this court, we find the analysis in that decision to be persuasive." *Bing v. Zurich Svcs. Corp.*, 332 Ga. App. 171, 172 (1) (770 SE2d 14) (2015). In finding that the vote dilution claim based on allegedly unlawful ballots was not a particularized injury, the federal court in *Wood* explained:

> To be sure, vote dilution can be a basis for standing. But it requires a point of comparison. For example, in the racial gerrymandering and malapportionment contexts, vote dilution occurs when voters are harmed compared to irrationally favored voters from other districts. By contrast, no single voter is specifically disadvantaged if a vote is counted improperly, even if the error might have a mathematical impact on the final tally and thus on the proportional effect of every vote. Vote dilution in this context is a paradigmatic generalized grievance that cannot support standing.

*Wood*, supra at 1314 (III) (A) (citations and punctuation omitted).

5

In the instant appeals, as in *Wood*, the petitioners' "interest in ensuring that only lawful ballots [were] counted" was a "generalized grievance . . . undifferentiated and common to all members of the public" that, "no matter how sincere, cannot support standing." *Wood*, supra (citations and punctuation omitted). The trial court therefore did not err in dismissing the petitioners' claims against the five individual board members for lack of standing. See *Sons of Confederate Veterans*, supra at 806 (2) ("because each of the appellants lacked standing, the trial courts correctly dismissed all of these actions").

2. *Fulton County.*

The appellants in Case No. A22A1097 also challenge the dismissal of Fulton County from their case by arguing that they were not required to have standing to make a request for documents under the Georgia Open Records Act. But the dismissal of Fulton County was not based on a finding that the appellants lacked standing to make an open records request. Rather, the trial court ruled that because a prior court order had "fully adjudged [the Open Records Act] claims, no further relief may be accorded to Petitioners under the [Act], and therefore, Respondent Fulton County is also dismissed." Since the argument made on appeal does not address the dismissal ruling actually made by the trial court, it presents nothing for review.

6

*Judgments affirmed. Gobeil and Pinson, JJ., concur.*